In the Matter of the Petition of THE MUTUAL LIFE INSURANCE
COMPANY OF NEW YORK to Vacate an Assessment.

Under the provision of the act of 1871 (§ 4, chap. 226, Laws of 1871), authorizing the commissioner of public parks of the city of New York "to fix and establish the grades of the streets" within a specified territory "where the same have not heretofore been fixed and established by law," not only were such grades excepted as had been fixed by legislative enactment, but also those lawfully established by ordinance of the common council.

The provision does not authorize a change of grade, but deals only with streets whose grades have not been lawfully established.

Where, however, it appeared, upon application to vacate an assessment, that

the commissioner changed slightly the grade of a small section of a street, and that more than the increased cost of the improvement occasioned by the change was charged upon the city, because in excess of one-half the valuation of the property benefited, so that if the extra cost of the illegal work had been in the first instance, left out of the assessment, or should be deducted therefrom, the cost of work lawfully done would exceed the amount of the assessment. *Held,* that there was no substantial error, and that an order vacating the assessment was error.

The sidewalks of the street were laid but four feet wide. The ordinance, in general terms, directed that the sidewalks be flagged, without specifying the width. It was passed a short time prior to the passage of the city charter of 1873 (Chap. 335 of the Laws of 1873), which repealed the provision of the charter of 1870 (§ 1, chap. 383, Laws of 1870) requiring all flagging to be laid " full width," *i. e.,* twelve feet. It did not appear, however that the contract for the work was made before such repeal. *Held,* that the objection was untenable ; that the burden was upon the petitioner to show substantial error, and this he failed to do, as it was entirely possible that the work was in violation of no existing statute applicable to it when done.

The construction gives to the act of 1871 below (*In re M. L. Ins. Co.,* 27 Hun, 22) overruled, although judgment is affirmed.

(Argued May 30. 1882 ; decided October 10, 1882.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made April 10, 1882, which reversed an order of Special Term vacating an assessment upon certain lots of the petitioner for regulating and grading One Hundred and Sixth street in the city of New York, from Third avenue to East river. (Reported below, 27 Hun, 22.)

The objections to the assessment are stated in the opinion.

*Charles E. Miller* for appellant. The grade according to which the work for which the assessment was imposed, having been illegally fixed, the assessment is void. (*People* v. *Haines,* 49 N. Y. 587 ; Laws of 1813, chap. 86, § 175 ; Laws of 1852, chap. 52 ; Laws of 1871, chap. 226.) The sidewalks are not flagged the width provided by law. (Laws of 1870, chap. 383, § 1, p. 884.)

*J. A. Beall* for respondent. The grade was lawfully changed in 1871. (Laws of 1871, chap. 226, § 4 ; Laws of 1867,

chap. 580; Laws of 1870, chap. 593; Laws of 1873, chap. 335, §§ 9, 10, 12, 13, 14, 15, 16, 17, 29, 70, 91, 102, 111–115; Laws of 1872, chap. 580, §§ 1, 4, 7.) Substantial error is necessary to affect an assessment. (Laws of 1874, chap. 312; *In re Upson*, Ct. of Appeals MSS.; *In re Second Ave. M. E. Church*, 66 N. Y. 395.) Where four feet of flagging only has been laid and an assessment therefor imposed, the subsequent flagging to full width must be paid for by general taxation. (*In re Garvey*, 77 N. Y. 523; Laws of 1874, chap. 313; Laws of 1872, chap. 580, § 7.) Even if the change of grade of 1871 was made without adequate authority, the error is not such as to call for or authorize the vacation of the assessment, but presents a proper case for the reduction thereof in proportion to the unlawful increase. (Laws of 1870, chap. 383, § 27; *In re Merriam*, 84 N. Y. 596; *In re Hebrew Asylum*, 70 id. 476; *In re St. Joseph's Asylum*, 69 id. 353; *In re Auchmuty*, 18 Hun, 327; *In re Upson*, Ct. of Appeals, MSS.) As the several acts relative to proceedings of this character are intended to afford full and adequate relief, as in a proceeding in equity, it is clear that the petitioner has established no ground for such relief. (*In re Merriam*, 84 N. Y. 596–610; *In re Kendall*, 85 id. 303; *In re Pelton*, id. 651; *In re Upson*, Ct. of Appeals, MSS.; *In re N. Y. P. E. Pub. School*, 75 N. Y. 324; Laws of 1880, chap. 550.)

FINCH, J.   The assessment which is assailed in this proceeding was levied to pay the expense of regulating and grading One Hundred and Sixth street, from Third avenue to the East river. The substantial error asserted is, that the work was done without lawful authority, and could not serve as the basis of a valid assessment.   It is not questioned that the commissioner of public works had authority to regulate, curb, gutter and flag the street in question, upon the established and lawful grade.   But he went beyond that limit.   He changed the grade, and the first question presented is, whether this was rightfully done.   The authority claimed is derived from the act of 1871.   (Chap. 226, § 4.)   That empowered the com-

missioner "to establish and fix the grades of the streets extending to the East river north of East Fourteenth street, and east of First avenue, where the same have not heretofore been fixed and established by law." It is admitted that the grade of One Hundred and Sixth street had been "fixed and established" in 1853, by an ordinance of the common council, but it is claimed, and the General Term has so held, that the act of 1871 must be construed to except from the authority of the commissioner only such grades as had been fixed by an act of the legislature, and not such as had been established by ordinance of the common council. We cannot assent to this construction. The natural meaning of the act must be warped in order to justify it. It does not purport to authorize a *change* of grade. It deals only with streets whose grades had not been established, and where some authority must intervene to fix them for the first time. The authority to "fix and establish the grades" implies that such duty had not been done in the cases intended to be reached, and the meaning is made quite clear by the final words, "where the same have not heretofore been fixed and established by law." The commissioner could fix grades where none had been lawfully determined. Where they had been already established by competent authority, he was without power to make a change. An ordinance of the common council, regularly passed, and within the scope of the authority conferred upon it by the legislature, is a law. That it is local, and not general, in its operation does not alter its inherent character, or modify its binding effect. A grade fixed by such ordinance is fixed by law, and the act referred to cannot be justly construed to authorize a change by the commissioner of a grade already lawfully fixed. It is said, however, that this construction will make the authority conferred wholly without force or meaning, since the grades of every street within the described area had been previously fixed, either by the legislature or the common council. If such facts were fully established, we might be driven to the construction of the General Term, in order to give the act some possible application, but they were not proved or established on the

hearing, and are denied on the argument.    Both sides refer to previous statutes, and to ordinances of the common council. It is impossible to say, without a very careful and laborious investigation, and with very inadequate means of reaching correct results, how the truth is.    It may well be that the authority was given to cover an uncertainty, and reach a possible emergency.    We remain of opinion, therefore, that the power of the commissioner to fix a grade was confined to cases in which no lawful grade had been already established, and that he changed the grade in the present case without lawful authority.

The consequence and effect of that error remains to be considered.    Two things are said on behalf of the city : that no substantial error is shown; and that in any event the assessment should be reduced and not vacated.    We must first be sure of the facts.    The details of this improvement show three thousand eight hundred and sixty-three lineal feet of curb and gutter.    As these were extended on both sides of the street, one-half of that amount, or nineteen hundred and thirty-one feet, appears to have been the total length of the improvement.    Of this distance, all, except a space between First avenue and the East river, was regulated, curbed and guttered upon the lawful grade as fixed by the common council. Beyond First avenue and toward the river, the crown of the street was moved fifty-nine feet and six inches further east, the change apparently beginning one hundred and ninety-seven feet east of First avenue ; the total additional rise at the new point of the crown being but seven inches, and at avenue A, on the bank of the river, but one foot.    It is shown that this change required an excess of one thousand cubic yards of filling.    The cost of the curb and gutter and of the flagging on the changed grade must have been so nearly the same with that required by the old grade, that any possible difference in those items is trifling and unimportant, and may be disregarded ; and it thus becomes apparent, that all the excess of cost upon the changed grade was due to the additional filling, and was less than $1,000.

The whole expense of the improvement was $28,387.60.    Of

this there was assessed upon the property benefited, $27,378.18, and the balance of expense, being $1,009.42, was charged upon the city because in excess of one-half of the valuation of the property benefited. It is thus apparent that if the extra cost of the illegal work creating the new grade had been in the first instance left out of the assessment, or is deducted from it now, there will remain work lawfully done, to an amount exceeding the assessment actually levied. In other words, the entire increased expense resulting from the unlawful work came upon the city and was borne by it, and the property owners were not compelled to pay any part of such excess. So that, whether the work of filling on this small section of the street was done lawfully or unlawfully, it in no manner altered the amount of the assessment upon the adjoining property. There is, therefore, no substantial error affecting the property owners, and they have suffered no injury from the unlawful act alleged, unless there is force in the further contention of the appellant that the assessment was for benefit upon the legal grade, and any deviation destroyed the whole assessment. That doctrine goes too far. The act of 1870 (Chap. 383, § 27), which allows a reduction in cases of unlawful increase of expense, and the decisions which have recognized and applied it (*In re Merriam*, 84 N. Y. 596; *In re Upson*,\* MSS.), show very clearly that an unlawful increase of expense which can be accurately ascertained and separated from the general assessment, may be rejected, leaving the rest to stand; and does not necessarily drag down the whole assessment. The petitioner comes, alleging substantial error. To be such, he must have suffered an injury, and be able to show that in some manner he has been harmed and a substantial right has been invaded. This he does not show; what he complains of he has not been compelled to pay for; and he does not make it apparent that his benefit from the improvement is, or can be, any the less by reason of the slight and unimportant change of grade. He insists that we should infer such fact. There might be such a change of grade, so serious and important, evidently so affect-

\* *Ante*, p. 67.

ing adjoining property, as to make the actual assessment inapplicable and entirely disarrange its basis.   This is not such a case, and if, notwithstanding, the change made in truth affected the property differently from the authorized improvement, the petitioner should have proved the fact.   The natural inference from the slight and unimportant change is the other way.   Until injury is shown, the error is technical and not substantial.

The question raised as to the effect of laying the sidewalk four feet in width, instead of twelve, is also relied upon as a substantial error, for which the assessment should be vacated, or at least reduced.   By section 1 of chapter 383 of the Laws of 1870, all flagging in the city of New York was required to be laid "full width," which is shown to be twelve feet.   But this act of 1870 was expressly repealed, with the exception of two sections which do not touch the present inquiry, by chapter 335 of the Laws of 1873, passed April 30 of that year. The improvement of One Hundred and Sixth street was ordered by the common council a few months before that repeal, and on October 23, 1872.   The ordinance directed in general terms that the sidewalks be flagged, and did not assume or purport to narrow the flagging.   How soon thereafter the work began we do not know.   But as contracts had to be made after an advertisement for proposals, and the final assessment for the completed work was not confirmed until 1875, it is probable that the contracts were made after the repeal of the act requiring the sidewalks to be of full width.   At all events the burden is on the petitioner to show substantial error, and he fails to do so when he leaves it entirely possible that the work which he assails was lawful, and in violation of no existing statute applicable to it when done.

For these reasons we think the order of the General Term should be affirmed, with costs.

All concur, except Tracy, J., absent.

Order affirmed.