Hatch, J.
This action is brought to vacate and set aside a certain assessment roll levying an assessment upon plain *326 tiff’s property situate on Allen street, in the city of Buffalo,' for street sprinkling purposes. It appeared upon the trial that on the 1st day of June, 1886, a petition was presented to the common council of said city praying that Allen street, between Main and Wadsworth streets, be sprinkled from May 15, 1886, to October 1, 1886, and that the contract for such sprinkling be awarded to Robert D. Cursons at his proposition of twenty cents per lineal foot of street. This petition was accompanied by a proposal on the part of said Cursons, signed by him, to sprinkle said street between the points mentioned during the aforementioned period, at the price of twenty cents per lineal foot of said street. The said petition was on said 1st day of June, 1886, referred by said council to the assessors for their certificate. On the 7th day of June, 1886, the said assessors returned said petition to the common council with their certificate attached bearing date on that day, in and by which they certify that the said petition is signed by a majority of the owners of property fronting on that portion of the street along which said improvement is to be made; and, further, that it contains a majority of the owners resident in the city of Buffalo of the lands fronting on that part of the street in and as to which said improvement is to be made. Thereafter-and on the 7th day of June, 1886, a resolution was adopted by the common council estimating the expense of the work at $509.60, also, a resolution ordering the work at that amount and awarding the contract to said Cursons. Thereafter and' while the assessment levied- for said improvement remained in the hands of the Assessors, the plaintiff, having received notice of the amount of his assessment for said work, went to the office of the assessors examined said roll, and afterwards filed objections to the same with the city clerk, and the same were presented to the common council by the city clerk on the 30th day of August, 1886; that on hearing before the council of said objections, they were overruled and the assessment confirmed. The roll was then delivered by the clerk to the comptroller, whereupon the plaintiff commenced this action and obtained an injunction restraining the collection of said tax and further proceedings under said assessment. No resolution of intention to order said work was ever adopted by the common council, and none ever published. The claim here made is that the common council in ordering this work violated section 18, title 9, of defendant’s charter in two particulars.
First—In that it failed to .pass a resolution of intention to order said work; and,
Second—That it did not publish said notice of intention in six successive numbers of the official paper.
*327 By section 6, title 9 of said charter, it is provided that the common council “may cause streets and alleys to be opened, leveled, repaired, swept, cleaned and watered.” Previous to 1879, this was the only clause which authorized the council to order the sprinkling of streets.
By section 18 of the same title, it is provided among other things, that “No work or improvement specified in this act, the expense of which shall be estimated by the common council to exceed $500, shall be ordered, unless by the vote of two-thirds of all the members of the common council, after publication in six successive numbers of the official paper of the intention to order such work or improvements.”
In 1879 the legislature amended said act, chapter 486, Laws 1879, making section 19 read as follows: “The city shall not enter into a contract with any person for doing or making of any work or improvement at a price exceeding $200, except for the sprinkling and watering of streets, which may be done without the notice as prescribed herein where a majority of the owners of property on a street petition therefore (which petition shall be referred to the assessors, and their certificate shall be conclusive) until they shall have published a notice in five successive numbers of the official paper, inviting sealed proposals to do the work, * * * and shall not enter into a contract for the doing or making any such work or improvement for a price exceeding $500, except for sprinkling or watering streets, until the assessment therefor has been confirmed.”
There was no repealing clause or mention made of section 18. There is, however, no difficulty in the construction to be placed upon these acts. By. section 18, the Emit to which the council have the right to contract without notice of intention was fixed at $500; above that sum there must be a two-thirds vote and the publication of the notice six successive times. When this provision was complied with there remained no limitation upon their powers to contract. By the amendment a different method was adopted. It is perfectly clear that the legislature deemed the sum of $500 too large to be expended without giving the taxpayers notice, and consequently they reduced it to $200, and changed the publication of the notice of intention from six times to five. They also placed another check upon the council by requiring that when the amount to be expended should exceed $500, no contract should be entered into until the assessment therefor had been confirmed. The reason for the imposition of these limitations is common knowl- • edge. The recklessness of municipal authority in the expenditure of public money is sadly testified to by many a burdened taxpayer and oppressed community. This the *328 legislature by this amendment intended to remedy by providing that notice should be given to the taxpayer that he might be heard and protected. And so far as the amendment provides a new rule, it must be held to have superseded the previous one provided by section 18.
The amendment also in terms excepts from the operation of section 18, contracts: “For the sprinkling and watering of streets,” and this is evidently excepted for the very reason which induced the legislature to impose the conditions as to the other class of work. The work first referred to originates with the common council so far as a large proportion of the persons affected by its actions are concerned, consequently a notice is provided for, while as to the latter, the persons affected are themselves the moving parties and it would be quite absurd to say that notice should be given to the persons who set the council in motion. The reason for the notice wholly fails as applied to them. No limitation is placed upon the council in ordering streets sprinkled, and this for the evident reason that before the work can be ordered, there must be presented a petition containing a majority of the owners of property situate upon the street proposed to be sprinkled. The cost for such" sprinkling is ascertained by the petitioners, the persons who desire the work done,, and who must bear the burden of its cost, none other are interested except the minority who are required to give way to the will of the majority. It is clearly evident from the language of section 19 that the legislature intended to except, as in times it has, the sprinkling of streets from the conditions imposed upon the ordering of other improvements and make the right to order this work dependent upon a majority petition. This is further evidenced by the subsequent provision of the section, that when the work exceeds $500 the council may not contract until- the assessment therefor is confirmed. The “sprinkling and watering of streets ” is again excepted, undoubtedly for the reason that the persons to be charged having knowledge of the expense, know the extent of their liability to assessment, and by petitioning for the sprinkling give assent to be taxed accordingly. When the intent of the legislature is ascertained it is the duty of the court to give it effect. Watervliet Turnpike Co. v. McKean, 6 Hill, 616-620; The People ex rel. Furman v. Clute, 50 N. Y., 451-457; Burch v. Newbury, 10 id., 374-389; Matter of Rochester Water Commissioners, 66 id., 413-422.
It is further claimed than the action of the council cannot be sustained in ordering the work done in June and having it relate back to the 15th day of May. It does not appear, nor is it claimed that plaintiff was in the smallest degree prejudiced by such action on the part of the council. To *329 invoke the aid of the equitable powers of the court requires something more to be shown than a mere irregularity. There must be an invasion of a substantial right, which inflicts injury.
In the matter of Petition of Mutual Life Insurance Co., 89 N. Y., 530-586. This case, also, answers the objection that the roll was published by the assessors before completion.
Objection is also made that the assessors did not assess the property burdened in proportion to the benefits conferred by the work as required by the charter. Every assessment roll is presumed legal and valid until the contrary appear, the burden of overcoming such presumption rests upon him who attacks it.
In re Voorhis (90 N Y., 668), The proof upon the trial is not sufficient to overcome this presumption. While it showed a degree of laxness in making this assessment not to be commended, yet Assessor Ludwig testified that the assessment was levied as directed by the charter, in proportion to benefits conferred.
It follows from the views here expressed that the injunction must be dissolved and the complaint dismissed.