ISAAC BELL and Another, Appellants, *v.* THE CITY OF YONKERS, Respondent.

*Proceedings of a common council — its minutes only prima facie evidence thereof — they may be shown by parol testimony — the presumption that a resolution was adopted as written may be overcome — notice of assessment — error in the description of the assessment district — substantial compliance sufficient — relief against an assessment — failure to assess property within the district renders the assessment void.*

What were the proceedings of a common council is a question of fact, and its minutes are not conclusive evidence thereof, in the absence of a provision to that effect in the charter creating such council. Such minutes are only *prima facie* evidence of its action, which, as the evidence of the record is not conclusive, may be shown by parol evidence.

The contention that a common council, in adopting a report, must be presumed to have adopted it as printed and not as read, has no force in the presence of competent and uncontradicted evidence showing the contrary fact.

Where the object of making a description of an assessment district a part of the notice of assessment was that every landowner therein should know that his land was liable to be assessed, and the same was not a part of the proceeding to fix the district, if the notice is addressed to every person within the district as fixed, the assessment will not be held to be void because it was addressed to or reached parties outside of the district.

A notice given under the charter of a city, which required a notice that the report of its assessors had been "completed and so deposited," stated that the assessors had "assessed the expenses" in question, and had "made a report in writing,"

which was the manner in which they were required to make it, and had "deposited the same with the city clerk," the officer with whom the charter required them to deposit it. Such notice also stated the time and place when and where "the parties interested ·can be heard," under a provision of the charter which required a notice of the time and place to be fixed "to review their report,"

*Held,* that such notice contained the substance of all that the statute required, and that a literal compliance with the law was unnecessary.

In an action brought to cancel an assessment, it is incumbent upon the plaintiff to establish some substantial error in the assessment proceedings, by which he was actually prejudiced, in order to entitle him to the cancellation of an assessment levied upon his land.

An omission to assess property situated within an assessment district affords a good ground for declaring the assessment void.

APPEAL by the plaintiffs, Isaac Bell and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 26th day of August, 1893, upon the decision of the court rendered after a trial at the Westchester Special Term confirming an assessment levied upon real estate of the plaintiffs and dismissing the plaintiffs' complaint.

The complaint in this action brought to vacate an assessment contained the following prayer for relief :

"That the defendant, and all persons claiming under the defendant, be forever barred from all claim to any interest in or lien or incumbrance upon said lands and premises of the plaintiffs for or on account of said so-called assessment,. and that the said so-called lien and incumbrance and assessment may be canceled of record and vacated and set aside, and the said property of the plaintiffs be declared free and clear therefrom, and the defendant perpetually enjoined from taking any proceedings to enforce said lien or assessment, and from selling plaintiffs' said land, or any part thereof, for payment of said assessment, and for such other or further judgment as may be just."

*Ralph E. Prime,* for the appellants.

*James M. Hunt,* for the respondent.

BROWN, P. J. :

This action was brought to set aside an assessment made upon plaintiffs' land for the construction of a sewer. Many defects in

the assessment proceedings are alleged in the complaint, and the case before us contains seventy-three exceptions to the findings of the court and to its refusal to find as requested by the plaintiffs.

The grounds, however, upon which the plaintiffs have based their claim to relief upon the argument before this court are comprehended in three general propositions:

*First.* That the assessment district, which by the charter of the defendant it was made the duty of the common council to fix, included land omitted from assessment.

*Second.* That the notice of the time when the common council would act in relation to the proposed sewer did not correctly describe the assessment district as fixed by the common council.

*Third.* That the assessors' notice of the completion of their report and of the time when they would meet to review the same was not in the form required by the charter.

The sections of the charter of the city to which we are referred, so far as they are important to be considered in connection with the questions presented, are contained in chapter 19 of the Laws of 1887, and are as follows:

Sec. 17. "Prior to contracting for any such work a plain and accurate specification of the work proposed to be constructed must be prepared.   *   *   *

"The common council shall then fix a district of assessment, beyond which the assessment shall not extend, and cause to be published in one or more of the official city newspapers a notice that on a day therein to be named   *   *   *   it will act in relation to the work proposed to be constructed.   *   *   *

"A description of such district shall form a part of such notice."

Sec. 19. "The assessors shall make a report in writing of the assessment so made, and deposit the same with the city clerk, and cause to be published   *   *   *   a notice that the report has been completed and so deposited, and that they will meet at a time and place therein to be specified   *   *   *   to review their report."

It is not denied that plans and specifications were prepared, and an assessment district fixed, and the work of construction directed by the common council in the manner provided by the charter.

The charge that the assessment district included land not assessed rests upon the following facts:

The communication from the water commissioners and the plans and specifications were referred by the common council to the street committee.

The report of that committee was prepared by the city clerk. The description of the assessment district to be recommended by the committee was on a printed slip pasted to the report.

The clerk in reading over this description thought there was an error, and he drew a line with pen and ink through and eliminated one course of the description, and the effect of this was to add to the district the rear portion of a considerable number of lots.

He then found that it was correct as printed, and he intended, before the report was presented, to attach a new slip to it, but omitted to do that, and the report as presented to the common council contained the lines stricken out in the manner stated.

In reading the report to the committee, however, he stated to its members that the description should be as if no erasure had been made from the printed matter. And when the report was presented to the common council it was read as if there had been no erasure, and as so read it was adopted on May 12, 1890, and a resolution was passed fixing the assessment district. The description of the district, however, was not actually inserted in the resolution until May seventeenth, when a printed slip, cut from the notice of the time when the common council would meet to act upon the proposed sewer, was pasted into the minutes of the meeting.

The description so inserted was not an exact copy of that in the report, but contained two errors which will be hereafter noticed.

The appellants claim that the district, as fixed by the common council, was that described in the report, with the erasures I have referred to, while the trial court has found that it was fixed as described in the report as if no erasures had been made.

I have been referred to no provision of the charter that makes the report, or the resolution of the common council, conclusive evidence of what the council's action was.

Undoubtedly, either the report, in connection with the resolution adopting it, or the resolution fixing the district as it appeared in the minutes of the common council, would be *prima facie* evidence of the council's action. But what that body did was a question of fact, and, as the evidence from the record was not conclusive, parol evi-

dence was admissible to show the fact; and it appears without contradiction, from the evidence of the city clerk, that the erasure was his act, and that neither the committee nor the common council adopted it. The description was read to the council as if no erasure had been made, and, upon the report as read, that body acted, and the legal effect of its action was to fix the assessment district according to the printed description as if no erasure had been made to it.

The argument that the common council must be presumed, in adopting the report, to have adopted it as printed, and not as read, has no force in the presence of competent and uncontradicted evidence showing a contrary result.

The finding of the trial court was, therefore, in accordance with the evidence.

The changes from the description of the district, as adopted and as printed in the official newspapers in the notice of the meeting of the common council to act upon the proposed sewer, were immaterial and deceived no one. They were errors merely that were obvious to any one reading the notice.

In the district as adopted the description was " to the southwesterly corner of lot 145 Riverdale avenue; thence easterly on a line parallel with and twenty-five feet southerly from the southerly line of Herriot street."

In the printed notice the words " twenty-five " were made to read " fifty " in one paper and " fifty-five " in another. But as the course started at the southwesterly corner of lot No. 145, and ran " thence easterly on a line parallel with Herriot street," it was of no consequence what the distance of that line from Herriot street was stated to be. It was controlled by fixed monuments, and the description in the notice did not vary the district from that fixed by the common council, and did not have the effect of including in it additional land.

The other change was of the same character. The description ran to the northwesterly corner of lot 73 Hawthorne avenue; thence along the rear line of lots fronting on the westerly side of Hawthorne avenue. In the printed notice it ran to the northwesterly corner of lot 72 Hawthorne avenue, which was upon the opposite side of the street, and from which the course along the rear line of lots fronting on the westerly side of said street could not be run.

The error was obvious to any one reading the description. But in considering the legal effect of the errors in the notice, assuming that they did change slightly the boundaries of the district, I fail to see how that fact is available to the plaintiffs. The object of making a description of the assessment district a part of the notice was that every landowner within the district should know that his land was liable to be assessed. It was not a part of the proceedings to fix the district. It was addressed to every person within the district as fixed, and its object was to afford to such persons the constitutional right of an opportunity to be heard before the assessment was imposed. (*Stuart* v. *Palmer*, 74 N. Y. 183.)

And if it fulfilled that purpose and met that constitutional requirement, the assessment cannot be held to be void, because the notice was addressed to or reached parties outside of the district.

The effect of describing the first course I have alluded to was apparently to include in the district two lots on Riverdale avenue. But the plaintiffs had no right to have the assessment spread on that property, and they suffer no loss because it has not been done. If the effect of the change was to leave out property lying in the district as fixed a different question would be presented. The plaintiffs' complaint comes to this, that notice of the hearing before the common council was served upon persons whose land was not within the district as fixed and who were not liable to be assessed for the improvement. This clearly did not injure the plaintiffs. Every one within the district had notice, and all jurisdictional requirements to every person liable to be assessed have been complied with, and it is apparent without further argument that the error in the notice as published did not affect, in the slightest degree, any of the plaintiffs' legal rights.

The notice of the filing of the assessors' report and fixing a grievance day substantially complied with the statute. The charter required a notice that the report had been "completed and so deposited." The notice stated that the assessors had "assessed the expense" of extending the sewer, "made a report in writing," which was the manner in which they were required to make it, and had "deposited the same with the city clerk," the officer with whom the charter required they should deposit it.

The statute required a notice of the time and place to be fixed by them to "review their report." The notice stated the time and place when and where "the parties interested can be heard."

No valid criticism can be made upon this notice as it contained the substance of all that the statute required. Literal compliance with the law was not necessary.

This being an action equitable in its character, it was incumbent upon the plaintiffs to establish some substantial error in the assessment proceedings by which they were actually prejudiced. Otherwise they are not entitled to be released from the assessment upon their lands. (*Morse* v. *City of Buffalo*, 35 Hun, 613; *In re Mutual Life Ins. Co.*, 89 N. Y. 530.)

And while an omission to assess property situated within an assessment district is ground for declaring the assessment void (*Hassan* v. *City of Rochester*, 67 N. Y. 528; *Elwood* v. *City of Rochester*, 122 id. 236), that rule cannot be applied to this case.

None of the errors claimed here to exist affected the plaintiffs or prejudiced them in the slightest degree. And no land has escaped assessment that the common council or its committee ever intended should be included in the assessment district.

The judgment must be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.