KATHARINE M. ANTES V. STATE INSURANCE COMPANY OF
DES MOINES, IOWA, ET AL.

FILED DECEMBER 5, 1900.    No. 9,324.

1. **Premium Note:** DEFENSE. The failure of an insured to pay at
maturity a note given for a premium due on a policy of insur-
ance is a complete defense, as to liability for loss of property
insured during default, where it is provided that the policy,
because of non-payment of such note, shall lapse and be of no
force and effect, unless the conditions are waived by the insurer.

2. **Policy of Insurance:** MORTGAGE CLAUSE. Under a mortgage clause
attached to a policy of insurance as follows, "Loss, if any, pay-
able to Katharine M. Antes of Canandaigua, N. Y., as her inter-
est may appear, she being the mortgagee," held, that the mort-
gagee stood in no more favorable light than as assignee of the
policy to the extent of her interest in the insured property, by
virtue of her mortgage, and that the contract of insurance is
with the mortgagor, its validity depending upon performance
or waiver of the conditions which it contains.

3. **Domestic Contract:** CONSTRUCTION. A contract is to be construed
by the laws of the state in which it is made. The contract
under consideration held to have been made and entered into in
this state; and its validity is to be determined by our laws.

ERROR from the district court for Antelope county.
Tried below before ROBINSON, J. *Affirmed.*

*N. D. Jackson,* for plaintiff in error.

*C. J. Garlow* and *Charles H. Kelsey, contra.*

HOLCOMB, J.

Suit was instituted by plaintiff as mortgagee to re-
cover for a total loss by fire under a policy of insurance
issued by the defendant. The mortgage clause is as fol-
lows: "Loss, if any, payable to Katharine M. Antes of
Canandaigua, N. Y., as her interest may appear, she be-
ing the mortgagee," and was indorsed on the policy at
the time of its execution and delivery. The answer
pleaded "that the contract of insurance sued on in this
cause contains a stipulation that 'no insurance, whether

original or continued, shall be considered as binding until the actual payment of the premium; nor shall this company be liable for any loss under this policy occurring at a time when any note or part thereof, given for a part or whole of this premium, shall be due and unpaid,'" and that a note had been given for a part of the premium, which was long past due and wholly unpaid, and that the entire premium was earned in full at the time of the alleged loss, and by reason of the non-payment of the premium the policy was not in force, and no cause of action exists in favor of the plaintiff. A reply was filed, to which a demurrer was interposed and sustained. It is the ruling on the demurrer of which complaint is made. The questions involved in the ruling sustaining the demurrer will appear in the further discussion of the case.

The failure of an insured to pay at maturity a note given for the premium due on a policy of insurance has been held to be a complete defense as to liability for loss of the property insured during the default, where it is provided that the policy, because of non-payment of such note, shall lapse and be of no force and effect, unless the conditions are waived by the insurer. *Home Fire Ins. Co. v. Garbacz*, 48 Nebr., 827; *Phenix Ins. Co. v. Bachelder*, 32 Nebr., 490. It is, however, claimed and pleaded in the reply that the mortgagee had no notice of the non-payment of the premium note, and that, as to her, she is in a different position than would be the insured mortgagor, were he alone interested in a recovery. We regard the mortgagee as standing in no more favorable light than as assignee of the policy of insurance to the extent of her interest in the property insured by virtue of her mortgage thereon, and her rights with respect to the litigation are to be gauged by, and rest upon, the contract of insurance entered into by the insured and insurer. There are times, it is true, when a mortgagee of insured property may claim where no right would exist in favor of the insured mortgagor, but this arises

out of the terms and nature of an agreement between the insurer and mortgagee, and which do not enter into the present case, where the mortgagee can only claim through, and by reason of, the original contract of insurance with the mortgagor. The contract of insurance is with the insured alone, with direction to pay the mortgagee in case of loss as her interest as such may appear, and its validity depends upon performance or waiver of the conditions which it contains. 2 Wood, Insurance [2d ed.], sec. 370; *Scania Ins. Co. v. Johnson*, 25 Ins. L. J. [Colo.], 525; *Brunswick Savings Institution v. Commercial Union Ins. Co.*, 4 Pulsifer [Me.] 313. The reply also pleads certain provisions of the statutes of Iowa, requiring that as to all policies of fire insurance written in that state, where a note for the premium has been given, before cancellation of the policy for non-payment of such premium note, thirty days' notice thereof must be given to the insured, and that no such notice was given by the defendant in regard to the policy sued on.

It is claimed that the policy in suit should be construed according to the laws of Iowa, in which state the defendant company is incorporated and has its principal place of business. It is nowhere pleaded that the contract was entered into in that state, and the pleadings, taken together, we regard as admitting of no other conclusion than that the contract was entered into in this state, and at the place where the property insured was located. The pleadings disclose that the policy of insurance was not to be effective until countersigned by the company's agent at Neligh, Nebraska, where the property was located, and that on the same day it was signed by him as agent at the place mentioned it was delivered to the insured. The contract having been made and entered into in this state, the *lex loci* must govern, and its validity must be determined by our laws, rather than those of the state of Iowa. *Joslin v. Miller*, 14 Nebr., 91; *Miller v. Wilson*, 146 Ill., 523; *Heaton v.*

*Eldridge,* 56 Ohio St., 87; *Equitable Life Society v. Pettus,* 20 Ins. L. J. [U. S. Cir. Ct. for Mo.], 961.

The judgment of the district court is

AFFIRMED.