JOHN NIMIC, APPELLEE, V. SECURITY MUTUAL HAIL INSUR-
ANCE COMPANY, APPELLANT.

FILED MAY 7, 1909.    No. 15,682.

1. **Insurance:** PAYMENT OF PREMIUMS. A by-law of a mutual hail in-
surance company organized by virtue of the laws of Nebraska
providing that, if a member does not pay the premium on his
policy by November 1 of the year in which he is insured, he
will not be entitled to participate in the fund provided that year
for the payment of losses, is a reasonable provision and will
be enforced.

2. ——: ——. With such a by-law in force, if a member executes
a promissory note for his premium, and before it becomes due
the crops described in his policy are damaged by hail, he will
not be permitted to withhold payment of his premium, even
though his loss exceeds the amount of his note; and, if he fails
during the entire year for which he is insured to pay said
premium, the company will be released from all obligation on
said policy, and he cannot two years later, by tendering payment
of the note, create a liability on the policy.

APPEAL from the district court for Boyd county: JAMES
J. HARRINGTON, JUDGE. *Reversed.*

*Martin Langdon* and *John A. Davies,* for appellant.

*G. A. McCutchan* and *A. H. Tingle, contra.*

ROOT, J.

Action upon a policy of hail insurance. Plaintiff pre-
vailed, and defendant appeals.

Defendant is a mutual hail insurance company organ-
ized pursuant to section 114 *et seq.,* ch. 43, Comp. St.
1905. In June plaintiff made a written application for
a policy in defendant company, and agreed that said
application, together with the by-laws of the company,
which were printed on the back of his policy, and the
policy itself, should constitute his contract; that, if he
did not pay any note given by him for premium when the
same became due, defendant would not be liable for any

loss under the policy. The by-laws provide that a note given for such premiums is not to be considered as payment thereof, but, unless paid November 1 next succeeding its date, the policy-holder will not be entitled to payment for any loss under his policy; that no member shall be liable for any premium or assessment in excess of that stated in his policy, and that, if the losses in any year exceed the premiums available for the liquidation thereof, the fund shall be prorated among all members entitled to participate therein, and payment upon that plan will discharge defendant from all liability upon such policies; that, if a loss occurs, the member interested shall at once notify defendant, and, if they cannot agree upon the extent of such loss, that fact shall be settled by arbitration. The policy sued on was issued in June, 1905, and plaintiff gave his note due September 1, 1905, for the premium. In July he sustained a loss by hail, and defendant was notified of said fact. An adjuster was sent by defendant, but plaintiff was dissatisfied with the amount of loss fixed by said agent, and so notified the company, but did not demand arbitration. When the note matured, plaintiff was requested to pay it, but refused on the ground that his loss exceeded the premium. Nothing further was done until this suit was commenced two years later, and upon the trial plaintiff offered to pay said note, but defendant refused to accept the money.

We have not been favored by plaintiff with a brief, but we are satisfied that he is not entitled to recover. Defendant is a purely mutual concern without capital stock or resources other than the annual premiums paid by its members. The losses for each year must be satisfied from the premiums paid during that time. If by reason of excessive losses those premiums are insufficient to pay each policy-holder who has suffered a loss, defendant, in a sense, is insolvent for that period, and, under the statute as well as its by-laws, its available assets for that year must be prorated among those entitled to share in said fund. It is essential for the protection of those

suffering losses that premiums shall be promptly paid, and the mere fact that plaintiff claimed that his loss exceeded his premium would not justify him in refusing to pay his note. He, to the extent of his premium which he had promised to pay, owed a duty to all the other members in his situation. He was as much obligated to pay for their benefit as any of the other individuals were to pay for his, and he was not entitled to the set-off claimed. *Lawrence v. Nelson,* 21 N. Y. 158. The statute permits a mutual hail insurance company to adopt by-laws like those under consideration. As applied to mutual companies, such conditions in their contracts are reasonable and will be upheld. *Farmers Mutual Ins. Co. v. Kinney,* 64 Neb. 808.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.