WILLIAM F. BELK, APPELLEE, v. CAPITAL FIRE INSURANCE COMPANY, APPELLANT.

FILED OCTOBER 18, 1918. No. 20635.

1. **Insurance: DEFAULT.** A provision in a fire insurance policy "that, in case any portion of the assured's premium contract is not paid when due, this policy shall lapse, and the same shall be suspended, inoperative, and of no force or effect so long as any portion thereof remains past due and unpaid," is valid, and may be enforced by the insurer.

2. **Bills and Notes: PAYMENT.** A bank which holds a note for collection is the agent for that purpose of the owner of the note, and the agreement of the bank with the maker of the note to pay the note out of a special deposit of the maker, and the cancelation and surrender of the note to the maker pursuant to such agreement, amounts to payment by the maker.

3. **Insurance: ACTION: ATTORNEY'S FEES.** Chapter 234, Laws 1913, provides for the taxation of attorney's fees in judgments upon insurance policies in all classes of indemnity insurance not expressly exempted by law.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed in part, and reversed in part.*

*G. E. Hager,* for appellant.

*R. J. Greene, contra.*

SEDGWICK, J.

The opinion on the former appeal in this case (100 Neb. 260) sufficiently states the nature of the action. The trial court had instructed the jury to find a verdict for the defendant. The judgment was reversed and the cause remanded for another trial, with the suggestion that the questions involved were for the jury. Upon this second trial the court instructed the jury to find a verdict for the plaintiff, and the question now presented to this court is whether there was such a substantial conflict in the evidence that the cause should have been submitted to the jury.

In the main the evidence was by the plaintiff himself in his own behalf, and by the cashier of the bank in behalf of the defendant. The note given for this insurance became due on the 1st day of August, 1913, and the fire occurred on the 4th day of August. Immediately after the fire, and on the same day, the note was canceled by the cashier of the bank and the money called for by the note was remitted by the cashier to the defendant company. The plaintiff testified that, from about the middle of July until after the note was canceled, he had a special deposit in the bank, more than the amount of the note, and that before the note became due he instructed the cashier to pay the note out of that special deposit, and that the cashier agreed to do so, and before the fire notified him that the note was paid. The cashier admits the deposit as testified to by the plaintiff, but testified that immediately after the fire the note was paid, and, "to my best recollection, it was paid by Mr. Yost." He had given his evidence twice before in this

case, the first time about four months after the trans-
action, and he conceded that his recollection at that
time would be as good, if not better, than when he was
now testifying, which he said was about three years
after the transaction.    Upon cross-examination this
witness testified that in his earlier deposition he had
testified, "I gave the note to Belk on August 4th," and
that, when he was asked whether the note was paid on
that same day, he had answered, "Well, I can't say as
to that," and that at the time of giving this later evi-
dence he still could not say whether the note was paid
on the 4th of August.    When he was asked whether
he testified in his earlier deposition that "you would
not say that he did not pay the note with that money
left that those parties left for him  in July," he said,
"I have testified that he may have told me, or at some
time there may have been some arrangement made that
I did not remember about."    As stated in the former
opinion, "For the purpose of collecting this note the
banker was the agent of the defendant," and this
testimony of the cashier, taken together, would not
amount to a denial of the plaintiff's testimony, which
is clear and unequivocal that he had instructed the
cashier to pay this note out of that deposit, and that
the cashier had done so, and had informed him before
the fire that the note was paid.    The only defense
interposed was that the note was past due and unpaid
at the time of the fire, and the fact that the cashier
failed to cancel the note and to remit the money does
not tend to contradict the direct evidence of the plain-
tiff as to the payment of the note.    There was, there-
fore, no such substantial conflict in the evidence as to
require the submission of that question to the jury.

The plaintiff asked the court to tax an attorney's
fee as part of the costs in the case.    This the trial
court refused to do, and the plaintiff has taken a cross-
appeal complaining of this as error.    Under the valued

policy act of 1889 (Laws 1889, ch. 48), it was provided by the first section of the act that in an action upon a policy of insurance of real property against loss by fire, tornado or lightning, if the property insured "shall be wholly destroyed," the amount of the insurance written in such policy shall be taken conclusively to be the true value of the property insured. The second section of the act provided that it should apply to "all policies of insurance hereafter made or written upon real property," and to renewals of policies made after the act took effect. The third section provided: "The court, upon rendering judgment against an insurance company upon any such policy of insurance, shall allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as part of the costs." This third section of the act was construed in *Hanover Fire Ins. Co. v. Gustin,* 40 Neb. 828, and was held to apply to all policies of insurance of real estate, although the property was not "wholly destroyed." This decision is cited in many later cases, and in several it has been held, or assumed, that attorney's fees could be allowed under the act only in actions upon policies of insurance of real estate.

Chapter 234, Laws 1913, extended this provision for attorney's fees to other cases. The act is entitled, "An act to require the court upon rendering judgment against any company or person in an action upon any policy of life, accident, indemnity, sickness, guaranty, or other insurance of a similar nature, to allow the plaintiff a reasonable sum as an attorney's fee, in addition to the amount of his recovery, to repeal all acts in conflict herewith and to declare an emergency." The act itself is substantially in the same words as the title. Although life, accident, and sickness insurance had generally been considered as a separate class of insurance from indemnity and guaranty insurance, both of these classes of insurance are named as those in

102 Neb.—45

which attorney's fees may be taxed as costs, and then follow the words, "or other insurance of a similar nature." Webster's New International Dictionary defines "indemnity" as "protection or exemption from loss or damage, past or to come; security; insurance." "The idea of indemnity also underlies all policies of insurance, whether fire, marine, fidelity, employers' liability, or others, except life insurance, which is not a contract of indemnity, but is a contract to pay to the beneficiary a certain sum of money in the event of death in consideration of certain payments made during life." 14 R. C. L. p. 43, sec. 2. And "guaranty" is "a promise to answer for the debt, default, or miscarriage of another person." 12 R. C. L. p. 1053, sec. 1.

Analyzed in this way, the act of 1913 would seem to apply, not only to all kinds of insurance of whatever nature, except life insurance and such as are expressly exempted from its provisions, but to some other classes of contracts as well, and in a recent case this court, without discussion or hesitation, has applied the act to contracts of burglary insurance. *Bruner Co. v. Fidelity & Casualty Co.*, 101 Neb. 825. While the point does not seem to have been insisted upon or technically considered in that case, it seems to be a comparatively reasonable solution of the difficulty, and it follows that under this new statute an attorney's fee may be allowed and taxed as part of the costs in the case in all actions in which the plaintiff recovers on contracts of life insurance or indemnity, which includes all contracts of insurance except those of fraternal beneficiary societies. It follows that the trial court erred in refusing to tax an attorney's fee in this case, and its order in that respect is reversed and the cause remanded for that purpose.

The judgment for the plaintiff is affirmed.

AFFIRMED IN PART, AND REVERSED IN PART.

ROSE and CORNISH, JJ., not sitting.