H. BORSKY, APPELLEE, v. NATIONAL FIRE INSURANCE COMPANY, APPELLANT.

FILED DECEMBER 10, 1929. No. 26873.

*Rose, Wells, Martin & Lane,* for appellant.

*Howell, Tunison & Joyner, Kennedy, Holland, De Lacy & McLaughlin,* contra.

Heard before GOSS, C. J., GOOD, THOMPSON, EBERLY and DAY, JJ., and FOSTER and SHEPHERD, District Judges.

GOOD, J.

From an adverse judgment in an action on a policy of fire insurance, defendant appeals.

The policy covered an automobile which was destroyed by fire during the life of the policy. One of the several defenses pleaded and relied on is that, under the terms of the policy, the automobile was not covered by the policy at the time of the fire, because it was being used as a leased or rented car.

The policy contains the following clause: "Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder: * * * (b) while the automobile described herein is * * * being rented under contract or leased."

From the record it appears that plaintiff bought and kept the car for his individual use, and it was stipulated in the policy that it was to be used only for private and pleasure purposes. Plaintiff also owned and operated a public garage and taxicab and "drive-it-yourself" business. In the evening on which the car was destroyed, plaintiff's foreman, in violation of his instructions, leased the car in question to a colored boy for his private use, and the latter, with a number of companions, was using the car in a "joy ride," when it upset, took fire and was practically destroyed.

Defendant urges that the trial court erred in not directing a verdict for defendant; in refusing to sustain a motion for judgment notwithstanding the verdict; and that the judgment is not sustained by the evidence.

No rider or written agreement was added or attached to the policy providing for coverage of the automobile while leased or rented. The question for determination is: Was the automobile, while leased, covered by the policy without such rider or written agreement?

Plaintiff argues that since the policy contains no specific forfeiture clause the court, by interpretation or construction, is powerless to incorporate one into the policy. He cites and relies on the opinion in *Hagelin v. Commonwealth Life Ins. Co.*, 106 Neb. 187, wherein it was held: "Where there is no specific provision in a policy of life insurance for forfeiture, either whole or partial, on a

breach of a condition by the assured, the court will not write one in; nor can the insurer afterwards impose new conditions creating a forfeiture without the consent of the assured, and without a new consideration."

We find no occasion to depart from nor to criticize the ruling above quoted, but we think it inapplicable to the instant case. In the *Hagelin* case the policy was issued on the life of Paul Hagelin and contained a provision: "But if at any time he engage in military or naval service in time of war (the militia not in active service excepted), he shall secure the company's written consent and pay the extra premium therefor." Hagelin became a soldier in the World war, and the company was advised of his military service. It did not cancel the policy. There was no provision in the policy for a forfeiture in case the assured did engage in military service, or for its suspension during such service; nor did the policy contain any provision as to the amount of additional premiums that might be due if assured engaged in such service. From a wound, inflicted while in the military service, Hagelin died. This court held that there was no forfeiture provided for his failure to pay the additional premium, whatever it might be, and that the company issuing the policy could not defeat a recovery under the circumstances. In the instant case, however, the automobile is not covered by the insurance policy while it is used as a leased or rented car. If the provision in the Hagelin policy had been that during the time Hagelin was engaged in military service the policy should not be operative or effective, then we would have a similar situation. The record discloses that the premium, in the instant case, paid for a $1,600 policy of fire insurance was $6.90, and it also discloses that the regular premium rate for insurance upon cars leased or rented is $8 per $100 higher, or more than 20 times the amount that was paid in this instance. The policy, itself, clearly provides that during the time the car is being used as a leased or rented car it is not covered by the policy. There is no forfeiture, but simply a suspension of coverage while the car is being leased or rented. While the exact question

has not been hitherto before this court, we have decided analogous questions.

In *Houston v. Farmers & Merchants Ins. Co.*, 64 Neb. 138, it was held: "Where credit is extended and a note taken for the premium to be paid for a policy of insurance, and both the note and the insurance policy provide that in case the note is not paid at maturity the policy shall be suspended, inoperative and of no force or effect so long as the note or any part thereof remains due and unpaid, the insurance company cannot be held liable for a loss occurring after the maturity of the note and while the same is unpaid." Similar rulings have been announced in the following cases: *Phenix Ins. Co. v. Bachelder*, 32 Neb. 490; *Home Fire Ins. Co. v. Garbacz*, 48 Neb. 827; *Antes v. State Ins. Co.*, 61 Neb. 55; *Farmers Mutual Ins. Co. v. Kinney*, 64 Neb. 808; *Hooker v. Continental Ins. Co.*, 69 Neb. 754; *Nimic v. Security Mutual Hail Ins. Co.*, 84 Neb. 403; *Belk v. Capital Fire Ins. Co.*, 102 Neb. 702; *Dressler v. Commonwealth Life Ins. Co.*, 105 Neb. 669.

In each of the cases cited above it is apparent that the stipulation provided for in the policy amounted to a suspension of the policy during the time of default in premium payment. The same principle, applied to the instant case, suspends the policy during the time that the automobile therein insured is being used as a rented or leased car. Insurance companies are permitted to select the kind of risks against which they will insure, and may also select the kind of risks against which they decline to insure. It is entirely within their discretion whether they will insure cars while being used in racing meets, or rented or leased, to be driven by the lessee. An insurance company may properly refuse to insure an automobile while it is being used for carrying highly inflammable or explosive material, and may, by contract, provide that if an automobile, covered by the policy, is so used during its life it will be suspended during such use. It is conceded that at the time of its destruction the car in question was leased or rented, and that while it was being so used by the lessee and through the latter's carelessness the car was upset, resulting in a fire and its prac-

tically total destruction. Under its terms, the policy was suspended while the car was being used by the lessee as a rented or leased car.

The learned trial court erred in refusing to direct a verdict for defendant and in not sustaining its motion for a judgment notwithstanding the verdict. The conclusion we have reached renders it unnecessary to discuss other assignments of error.

The judgment of the district court is reversed, and the action dismissed.

REVERSED AND DISMISSED.