ANTONIO GULIZIA, APPELLEE, V. ROYAL INDEMNITY COMPANY, APPELLANT.

299 N. W. 220

FILED JUNE 27, 1941. No. 31113.

*Dressler & Neely* and *H. J. Lutz,* for appellant.

*R. B. Hasselquist, Donald Krause* and *Rudolph Tesar,* contra.

Heard before ROSE, EBERLY and YEAGER, JJ., and THOMSEN and WENKE, District Judges.

WENKE, District Judge.

This is an appeal from an action by the plaintiff, Antonio Gulizia, appellee herein, in the district court for Douglas county, upon an insurance policy of the defendant, Royal Indemnity Company, appellant herein, issued on appellee's automobile, wherein judgment was entered by the district court awarding appellee a judgment for $440 for attorney's fees and expenses had in defense of an action against him and his son by Henry Paulsen.

The facts, as stipulated to by the parties, are: That on February 4, 1933, Antonio Gulizia, hereinafter called the insured, purchased an insurance policy, No. MD 858235, from the defendant, Royal Indemnity Company, hereinafter referred to as the insurer, for a period of one year, which policy covered insured's 1932 Plymouth sedan, against liability and property damage. Mrs. Antonio Gulizia, the wife of the insured, purchased the policy for her husband through the firm of Tesar & Tesar, of Omaha, and she and her son, Joe Gulizia, appeared personally, and before purchasing the policy the mother stated to Lad Tesar, a member of said firm, that the only person to drive said car was Joe Gulizia and that the other members of the family could not operate an automobile. On November 29, 1933, while the policy was in force, Joe Gulizia, the son, who was then fifteen years of age, left the Gulizia home at 1415 William street, Omaha, in said car and drove to his school, a distance of more than one and one-half miles, located at Twenty-third and J streets, Omaha, to get his report card, and on his return, in company with his school friend, Louis Santi, drove directly toward home by going north on Twentieth street from Vinton street, until he reached Twentieth and Poppleton streets, where he drove the car west at the intersection for the purpose of going to Twenty-second and Poppleton that his friend might inquire as to a wagon for handling newspapers, thereafter intending to go to Sixteenth and Leavenworth streets with his friend, and that on turning west into Poppleton street the accident occurred wherein Henry Paulsen was injured. As a result of this accident

Henry Paulsen sued Antonio Gulizia and Joe Gulizia and recovered judgment against them in the sum of $1,200 and costs. That before and after being sued the insured notified the appellant thereof and demanded that it provide counsel and defend said action, but insurer refused to provide counsel or pay the expenses of said litigation, for the reason that the driver of the car was operating the same in violation of law as to age; that at the time of said accident, and subsequent to March 18, 1933, Joe Gulizia had obtained a regular driver's license from the county treasurer of Douglas county upon the affidavit of his father which set forth that the said Joe Gulizia was past sixteen years of age. Subsequent to the recovery of the judgment of $1,200 by Henry Paulsen against Antonio and Joe Gulizia, said Henry Paulsen sought to recover thereon against appellant herein on said policy, but recovery thereon was denied and no appeal taken therefrom.

The appellant contends that the court erred in entering judgment against it for the following reasons: (1) That the suit by Henry Paulsen against the appellant was *res judicata* of the rights of appellee herein; and (2) that the allowance of attorney's fees and costs was contrary to the provisions of the policy.

It is appellant's contention that the action of Henry Paulsen against it on the policy, based on the judgment obtained against Antonio and Joe Gulizia, is *res judicata* of all rights of appellee herein. As was stated in the case of *Plattsmouth Bridge Co. v. Turner*, 260 N. W. 562 (128 Neb. 738): "Judgment is not *res judicata* as to any fact at issue in subsequent action where neither issues nor parties are the same." In the action of Henry Paulsen against the appellant, the appellee herein was not a party nor privy thereto, nor was the question of the liability of the insurer as to the claim of appellee herein for attorney's fees and expenses in defending that action involved. Such judgment would not be *res judicata* in this action.

It is appellant's further contention that, under the express provisions of the policy, when the accident occurred in which

Henry Paulsen was injured the car was being operated by Joe Gulizia, the son, fifteen years of age, in violation of law as to age, and there was no liability upon the insurer, relying upon that part of the contract which is as follows: "Provided always that the insurance hereby made is and shall be subject to the conditions hereinafter set forth and to the memoranda, if any, indorsed hereon in like manner as if the same were respectively repeated and incorporated herein, and compliance with such conditions and memoranda, and each of them, shall be a condition precedent to the right of recovery hereunder. Conditions * * * Risks not Covered. 3. This policy does not cover any liability: * * * (e) In respect of injuries caused in whole or in part by any automobile insured hereunder while being operated or manipulated; * * * (i) By any person in violation of law as to age, or, under the age of 14 years in any event." No memoranda affecting these provisions are indorsed on the policy. Under the Nebraska statutes in force at the time of the accident, section 39-1101, Comp. St. Supp. 1931, no person under sixteen years of age was authorized to drive a motor vehicle, except that a limited permit might be issued to persons between the ages of fourteen and sixteen, under section 60-405, Comp. St. Supp. 1931, to drive a motor vehicle to and from the school building by the nearest highway or street from his place of residence, provided such person lives a distance of one and one-half miles or more from school, and for the sole purpose of transporting such minor to attend school. Although he had by false affidavit of his father obtained a general driver's license, the son would be subject to the provisions of our statutes as to age while driving a motor vehicle, and under the facts herein was at the time of the accident fifteen years of age, and upon returning from his school, where he had gone to get his report card, followed the nearest route from his school to his residence until he came to Twentieth and Poppleton streets where, for the purpose of permitting his friend, Louis Santi, to inquire as to a wagon for handling newspapers, he turned west to go to Twenty-second and Poppleton, then intending

to drive to Sixteenth and Leavenworth, thereby leaving the nearest route from school to his residence when he turned west on Twentieth and Poppleton, and attending to matters other than attending school, and clearly beyond the provisions provided by statute for permitting a boy of fifteen to drive a motor vehicle. While our court has never passed directly upon the language involved in this policy, it has, in the case of *Borsky v. National Fire Ins. Co.*, 119 Neb. 178, 227 N. W. 821, laid down the principle of law applicable to the policy here involved. The provisions of the policy involved in the *Borsky* case were as follows: "Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder * * * (b) while the automobile described herein is * * * being rented under contract or lease." The court, in holding the insurer not liable while the car insured was leased to the driver, held as follows: "In each of the cases cited above it is apparent that the stipulation provided for in the policy amounted to a suspension of the policy during the time of default in premium payment. The same principle, applied to the instant case, suspends the policy during the time that the automobile therein insured is being used as a rented or leased car. Insurance companies are permitted to select the kind of risks against which they will insure, and may also select the kind of risks against which they decline to insure. It is entirely within their discretion whether they will insure cars while being used in racing meets, or rented or leased, to be driven by the lessee. An insurance company may properly refuse to insure an automobile while it is being used for carrying highly inflammable or explosive material, and may, by contract, provide that if an automobile, covered by the policy, is so used during its life it will be suspended during such use."

Where the provisions of an insurance contract are not uncertain or ambiguous, but are clear and certain as to their meaning, and such provisions are not contrary to public policy or contrary to the provisions of our statutes, such policy will be enforced as made.

Where, as here, the express provisions of the policy clearly provide that the policy does not cover any liability as respects injuries while the car is being operated by any person in violation of law as to age, such provision, not being contrary to public policy or against any provisions of our statute, will be enforced as made, and the insured's car being driven by his son, fifteen years of age, for purposes other than attending school, and by leaving the route to and from his home and school by the nearest street or highway, was being driven in violation of our statute as to age, and such policy, during the time that the insured's car was being so driven, was suspended and no liability could attach to the insurer.

With reference to appellee's contention that this case falls within the doctrine of *Davis v. Highway Motor Underwriters*, 120 Neb. 734, 235 N. W. 325, by reason of the statement made by Mrs. Gulizia to Lad Tesar, a member of the firm of Tesar & Tesar, at the time of obtaining the policy, a careful examination of the facts in that case will disclose a positive statement was made to the agent as to the age of the boy and the requirement of the applicant to have a policy covering the car while being driven by the boy; that the agent of the insurer understood the requirements of the applicant and believed the policy delivered contained such provision. Because of the mutuality of the agreement the court reformed the policy in accordance therewith. Here, the only statement made to the agent of the insurer was that "the only person to drive said car was Joe Gulizia and that the other members of the family could not operate an automobile." Nothing was said as to the age of the boy, nor that a policy was desired to cover the car while being operated by the son in violation of law as to age, nor does it appear that the agent agreed to furnish a policy with provisions other than the one actually delivered. Under the facts it does not come within the rule announced in *Davis v. Highway Motor Underwriters, supra.*

The judgment of the district court is therefore

REVERSED.