AMANDA HERTZEL, APPELLEE, V. WESTERN MUTUAL
FIRE INSURANCE COMPANY ET AL., APPELLANTS.

8 N. W. (2d) 313

FILED MARCH 5, 1943. No. 31459.

*Rinaker, Hevelone & McCown,* for appellant.

*Hubka & Hubka, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,
CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is an action on an automobile collision insurance pol-
icy to recover for damages to plaintiff's automobile result-
ing from its upset on a public highway. The defendant in-
surance company filed a demurrer to the petition on the
ground that the petition did not state a cause of action.
The trial court overruled the demurrer and the defendant
elected to stand thereon. The trial court then entered judg-
ment for $368.52 and costs, including an attorney's fee of
$75. The defendant appeals from this judgment.

The petition alleges that on March 31, 1941, while plain-
tiff's automobile was being driven by Wilma Hertzel, plain-

tiff's daughter then 15 years of age, the automobile upset on the highway approximately three miles south of Wilber, causing damages in the amount of $418.52. Plaintiff alleges also that Wilma Hertzel was a resident of Beatrice, a city of the first class, and that she was driving the automobile without having an operator's license to do so. Plaintiff also alleges that she had a $50 deductible collision insurance policy with the defendant insurance company, which was in full force and effect at the time of the accident. The policy covers generally any damage caused by collision or upset. The policy is attached to and made a part of the petition. All of the foregoing allegations are, of course, admitted to be true by the demurrer.

The insurance policy contains an exclusionary clause excluding liability for any loss or damage to the automobile caused by collision or upset "while being operated by any person under the age limit fixed by law or in any event under the age of fourteen years." It is evident that the contract was not complete in itself and that resort must be had to the law of the state to ascertain the true intent of the parties.

The applicable statute provides in part: "No license shall, under any circumstances, be issued to any person who has not attained the age of full sixteen years: Provided, that for any minor under the age of sixteen years and over the age of fourteen years, except within metropolitan cities and cities of the first class, the county treasurer may issue a limited permit to said child to drive a motor vehicle to and from the school building where he attends school by the nearest highway or street from his place of residence, providing such person lives a distance of one and one-half miles or more from such school and for the sole purpose of transporting said minor to attend school." Comp. St. Supp. 1941, sec. 60-405. It will be noted that the driver of the automobile was 15 years of age; was a resident of Beatrice, a city of the first class; was driving outside the city without an operator's license; and was not driving to or from school within the wording of the quoted statute. The sole

question is whether liability exists under the admitted facts of the petition.

We think that the exclusionary clause attempts to designate a class of persons, based upon age only, who may not drive the insured automobile if the policy is to be in force. In other words, if the automobile at the time of the accident is driven by a person "under the age limit fixed by law or in any event under the age of fourteen years," the insurance company is not liable.

What is the age limit fixed by law in Nebraska for the driving of automobiles? We are of the opinion, under the wording of section 60-405, Comp. St. Supp. 1941, that the minimum age limit is 14 years. This seems to be in accord with cases deciding the question under similar statutes.

In *Brock v. Travelers Ins. Co.*, 88 Conn. 308, 91 Atl. 279, the court in construing a similar policy provision and statute said: "The defendant's construction makes liability depend upon the question whether a licensed operator accompanied the plaintiff's son at the time of the accident and not upon the question of his age. But the proviso does not attempt to excuse the defendant from liability for losses incurred by the operation of the automobile contrary to the provisions of the statute. It is not claimed that the defendant would not be liable if an unlicensed person above the age of eighteen years had been operating the car at the time of the accident without being accompanied by a licensed operator, or if a licensed operator had been operating it in violation of the statute when not equipped with suitable brakes, markers, or lights. The manifest purpose was to excuse from liability only in case the operator was too young, either in the opinion of the defendant or under the terms of the statute, to operate a motor vehicle upon the public highways."

In *Taylor v. United States Casualty Co.*, 269 N. Y. 360, 199 N. E. 620, a case involving a very similar policy provision, the court said: "The policy provided that the motor vehicle should not be driven by one under 'the age fixed by law or under the age of fourteen years in any event.' * * *

The clause in the policy does not deal with the violation of the terms of a license. The provision relates solely to the question of age and the son was old enough lawfully to drive an automobile. If the insurance company desired the exclusion clause to cover not only a case where the driver is under the age fixed by law but also a case where the terms of the license are violated, it should have so specified. The court is not at liberty to inject a clause into the policy or to make a new contract for the protection of the insurance company."

Other cases sustaining this view are *Mannheimer Bros. v. Kansas Casualty & Surety Co.*, 147 Minn. 350, 180 N. W. 229; *Johnson v. Travelers Ins. Co.*, 147 Or. 345, 32 Pac. (2d) 587, and *Bitzer v. Southern Surety Co.*, 245 Ill. App. 295.

There are cases from other jurisdictions which indicate a contrary view such as *Bradley v. Merchants Mutual Casualty Co.*, 6 Fed. Supp. 926, and *Maryland Casualty Co. v. Friedman*, 45 Fed. (2d) 369. But we think the reasoning of the cases previously cited is more sound. There are many other cases which are clearly distinguishable such as *Gulizia v. Royal Indemnity Co.*, 139 Neb. 832, 299 N. W. 220. In that case the exclusionary provision of the policy provided that no liability would exist where the automobile was being driven "by any person in violation of law as to age, or, under the age of 14 years in any event." The proviso in the policy excused liability for losses incurred by the operation of the automobile contrary to the provisions of the statute as to age. Such is not the case in the suit now before the court and this provides the distinguishing feature in the two classes of cases.

We conclude that the provision, "while being operated by any person under the age limit fixed by law," was intended to exclude liability only where a person was prohibited from operating an automobile solely because of his age. The law referred to is the one which fixes a minimum age,— the age below which no person is permitted to drive. If the insurance company had intended to exclude liability

where the automobile was being driven in violation of law as to age, it could have so provided by appropriate language.

The effect of our statute is to announce that any person over 14 years of age may operate an automobile in this state. While it is true that certain conditions have to exist for one over 14 and under 16 years to be lawfully entitled to drive an automobile, whether or not the conditions have been met is not material to a determination of the statutory minimum age incorporated into the exclusionary clause of the policy. The clause relates solely to the question of age, and not at all to the question whether the operator has complied with other requirements of the statute. The purpose was to exclude liability where the operator was too young, either in the opinion of the insurance company or under the terms of the statute, to operate a motor vehicle upon the public highways. The exclusionary provision frees the insurance company from liability while the automobile is being driven by a person under the age of 14 years, and a person above that age does not come within the exclusionary clause whether or not such person was lawfully operating the car at the time of the accident. If conditions existed which made it unlawful for Wilma Hertzel to drive the automobile at the time of the accident, it was the failure to meet such conditions, and not her age alone, that made it unlawful.

We conclude therefore that the age limit fixed by law for automobile drivers in this state, within the meaning of the exclusionary clause of the policy, is 14 years. Appellee's petition therefore stated a cause of action and the judgment entered thereon is in all respects correct. An attorney's fee of $150 is hereby allowed for legal services rendered the appellee in this court.

AFFIRMED.

Rose and Eberly, JJ., not participating.