Midwest Dairy Products Corporation, Appellant, v. The Ohio Casualty Insurance Company of Hamilton, Ohio, Appellee.

Opinion filed September 18, 1933.

WHAM & WHAM, for appellant.

POPE & DRIEMEYER, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

1

This action was instituted by appellant against appellee in the circuit court of Marion county to recover damages arising out of an alleged breach of the indemnifying provisions of an automobile insurance contract. The declaration contains one count and the contract is set out *in haec verba* therein. The indemnifying clause involved in the pleadings in this case indemnified appellant against loss or expense for any claim for damages for bodily injuries or death accidentally suffered and arising out of the ownership, maintenance or use of 15 trucks and three automobiles owned by appellant. The declaration avers that during the life of the contract and on July 4, 1931, one of said trucks, while being operated by appellant on a public highway, accidentally caused injury to one Ione Reichman, resulting in her death; that suit was instituted against appellant on said death claim and that upon trial a judgment was entered against appellant for $1,750; that it has paid the same together with attorney fees of $375 incurred by it in the defense of the suit; that notice of said accident and suit was given appellee and that it has failed and refused to indemnify appellant for said amounts.

Appellee filed the general issue and a special plea. A demurrer to the special plea was overruled. Appellant elected to stand by its demurrer. The general issue plea was withdrawn and judgment was entered in bar of the suit. The substance of the special plea is that the truck at the time of the accident was being operated in violation of law in that the driver of the truck was employed as a chauffeur and that he was under 18 years of age. The plea is based upon the following provision in the contract: "This policy does not cover any loss, damages or expenses . . . while the automobile insured hereunder is operated or used by any person in violation of law as to age, or in any event under the age of fourteen years."

At the time of the issuance of the contract and on the date of the accident there was in force in this State a statute which provided, "No person shall operate or drive a motor vehicle who is under fifteen years of age, unless such person is accompanied by a duly licensed chauffeur or the owner of the motor vehicle being operated." Cahill's St. 1931, ch. 95a, ¶ 32. Section 27 of the same act, Cahill's St. ch. 95a, ¶ 28, defined a chauffeur and made provisions for the secretary of state to issue a chauffeur's license to persons passing an examination and meeting certain other requirements. The act provides, "No chauffeur's license shall be issued to any person under eighteen years of age." The act further provides, "No person shall operate or drive a motor vehicle as a chauffeur upon a public highway of this State, unless such person shall have complied in all respects with the requirements of this section." Section 29 of the act, Cahill's St. ch. 95a, ¶ 30, is that "No person or corporation shall employ, as a chauffeur or operator of a motor vehicle, any person not specially licensed as aforesaid."

The question presented is what meaning and effect shall be given to the exclusion clause of the policy. Are the words "operated or used by any person in violation of law as to age or in any event under the age of fourteen years" to be given a construction as limiting it to a violation of law as the minimum age of 15 years or shall it be construed to include a violation of the law as to age limit in reference to licensing chauffeurs?

Various forms of exclusion provisions contained in automobile insurance policies have been before the federal courts and courts of review of some of the States. Different conclusions have been reached but the apparent conflict arises more out of the difference in the wording of the policy and the statutes under

which they are applied than from a conflict of the application of the legal principles involved.

It is the settled law of this State that contracts of insurance will be liberally construed in favor of the insured so as not to defeat, without necessity therefore, his claim to indemnity. *Healey v. Mutual Accident Ass'n*, 133 Ill. 556, 566; *Kaplan v. United States Fidelity & Guaranty Co.*, 343 Ill. 44. It is equally well settled that parties competent to contract may enter into binding agreements and in construing such contracts, it is the duty and function of the courts to enforce them as made by the parties. If the language used is not ambiguous and cannot reasonably be construed to have but one meaning, then the rule of construction that requires ambiguous language to be construed most strongly against the insurer has no application. *Crosse v. Supreme Lodge Knights & Ladies of Honor*, 254 Ill. 80. Some of the cases from other jurisdictions have recognized this rule of construction but held that the wording of the policy was too plain to admit the application of the rule.

In *United States Fidelity & Guaranty Co. v. Guenther*, 281 U. S. 34, the Supreme Court was considering a provision in an insurance policy which excluded liability if the car was being driven by one who was under the "age limit fixed by law." In the city where the accident occurred there was an ordinance fixing a minimum age limit under which a person could not drive an automobile upon the streets, and the question was whether under the terms of the policy liability was excluded by reason of the ordinance. After recognizing this rule of construction, the court said, " ' But the rule is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and, if they are clear and unam-

biguous, their terms are to be taken and understood in their plain, ordinary and popular sense.'

"Applying that rule here, we think that when the words of the exclusion clause are taken in their ordinary meaning they are free from any ambiguity that requires them to be construed most strongly against the company. The plain and evident purpose of the clause was to prevent the company from being held liable for any accident occurring while by reason of the age of the operator the automobile was being operated in violation of law. To that end liability was excluded when the operator was under 'the age limit fixed by law.' "

In *Maryland Casualty Co. v. Friedman,* 45 F. (2d) 369, the court had before it a policy provision which excluded liability if the car was "being operated by any person under the age limit fixed by law or under the age of sixteen years in any event." The car insured was being driven by one above the minimum age limit as fixed by the statute of Missouri but under the minimum age for which a chauffeur license could be issued. It was held that there was no ambiguity in the language used and that the plain meaning and intent of the language was to exclude liability if the driver of the car was over the minimum age limit but under the minimum age as it referred to the licensing of chauffeurs.

We do not find in the language used such ambiguity as will permit the adoption of this rule of construction. The words "while the automobile insured hereunder is operated or used by any person in violation of law as to age," are general in their terms and apply to all violations of law as to age wherever the age of the driver of an automobile has been deemed to be of such public concern as to require statutory regulation. The clause of this contract under consideration does not exclude liability for every infraction of the law

in reference to licensing chauffeurs. Under its provisions, one might be driving a car as a chauffeur and violate every provision of the law in reference to licensing chauffeurs except as to age and yet if he was over the minimum age of 18 years, it would not exclude the liability of the insurer. The plea in this case is based upon violation of law as to age only. It makes no reference as to whether he had a chauffeur's license or had complied with the other provisions of the act.

We know of no reason why an insurance company cannot by contract limit its liability to a violation of that part of the chauffeur's license law referring to age and continue its liability as far as the violation of other provisions of the same act are concerned.

Appellant contends that the age limit of 18 years as provided for in the act is a restriction upon the issuance of the license and not an age limit for the driver of the automobile. In the enactment of these regulatory measures as to driving automobiles, the legislature has deemed the age of the driver to be of such public concern as to require statutory regulation in two instances: First, that no one can drive a car upon the public highway who is under 15 years of age, unless accompanied by a licensed chauffeur or the owner of the automobile being driven, and, second, that no one can drive an automobile as a chauffeur upon the public highways until he has a license. The law expressly prohibits any person from operating a motor vehicle as a chauffeur until he has a license. In other words, he cannot drive a car as a chauffeur until he has a license and he cannot have a license until he is 18 years of age. If one operates an automobile on the public highways as a chauffeur who is under 18 years of age, he is violating a law as to age within the meaning of this clause, the same as one who violates the minimum age law. *Maryland Casualty Co. v. Friedman, supra.*

.Appellant contends that *Bitzer v. Southern Surety Co.,* 245 Ill. App. 295, is controlling in this case. The exclusion clause of the policy in the *Bitzer* case provided that there was no liability "while the car was being operated by any person in violation of law as to age, or, if there is no legal age limit, under the age of 16 years." The court there said, "The words 'if there is no legal age limit' make it clear that the provision was only intended to apply to a person who was prohibited by law from operating a car, solely because of his age. The law referred to must be one that fixes the age below which no person is permitted to drive." In the suit at bar, the language "in any event under the age of fourteen years" does not modify or in any way reflect the meaning that was intended in the use of the preceding words "in violation of law as to age." As pointed out, the meaning of the words "in violation of law as to age" is clear and the language which follows does not make that meaning ambiguous but makes provision by contract where there shall not be a liability to the insurer, if the driver is under 14 years of age, notwithstanding a lower age limit may be fixed by law.

There was no error in overruling the demurrer to the special plea.

*Judgment affirmed.*