CHARLES W. BROCK *vs.* THE TRAVELERS INSURANCE COMPANY.

Third Judicial District, Bridgeport, April Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A policy issued to the owner of an automobile to indemnify him against loss for bodily injuries accidentally inflicted upon others, provided that the insurer should not be liable while the automobile was driven by any person "under the age fixed by law" or under the age of sixteen in any event. *Held* that this clause had reference solely and exclusively to the minimum age (not less than sixteen) at which

one might lawfully drive a motor-vehicle, and that inasmuch as § 5 of chapter 85 of the Public Acts of 1911 expressly permitted a person sixteen years old or more, although not licensed, to drive a motor-vehicle in this State if accompanied by a licensed operator, sixteen must be regarded as the minimum age fixed by law; and therefore the insurance company could not escape liability, under this proviso, for a loss sustained by the insured while his car was driven by an unlicensed person over sixteen, merely because of the non-observance, upon the occasion in question, of the statutory requirement that a licensed operator should accompany the unlicensed driver—a requirement which had no relevancy whatever to the age of the driver.

No one can operate a motor-vehicle upon the highways of this State, under the provisions of the Act of 1911, who is less than sixteen years old.

Argued April 14th—decided July 13th, 1914.

AMICABLE SUIT involving the construction of a clause in a policy issued by the defendant insuring the plaintiff against liability for injuries accidentally sustained by any person by reason of the plaintiff's ownership and maintenance of a certain automobile, brought to and reserved by the Superior Court in New Haven County, *Bennett, J.*, for the advice of this court. *Judgment advised for plaintiff.*

*Charles F. Clarke*, for the plaintiff.

*William Brosmith* and *Robert C. Dickenson*, for the defendant.

THAYER, J. The plaintiff holds a policy or agreement of indemnity of the defendant, whereby the latter agrees to indemnify him against loss suffered by him on account of bodily injuries accidentally sustained by others by reason of his ownership and maintenance of an automobile which is described in his declaration attached to the policy. The policy or agreement contains the following provision: "This agreement shall not apply while any such automobile is driven or manipulated in any race or competitive speed test, or

by any person under the age fixed by law or under the age of sixteen years in any event." While the automobile was being driven by the plaintiff's son in the plaintiff's business, an accident occurred resulting in bodily injuries to another boy causing his death. The plaintiff's son at the time was between sixteen and seventeen years of age, was not licensed to operate an automobile, and was not accompanied by a licensed operator. The plaintiff was compelled to pay damages for the above named injuries, and asked indemnity therefor from the defendant. The defendant refuses to indemnify him, upon the ground that at the time of the accident the automobile was being driven by a person under the age fixed by law.

Most, if not all, of the States regulate by statute the operation and maintenance of automobiles, and fix the age and qualifications to be required in the persons operating them. These requirements are not uniform, younger persons being permitted to operate them in some States than in others. A blank form, which is in broad and general language, manifestly intended for use in the different States and not in this State alone, was used in writing the policy now in question. The proviso quoted above undoubtedly has reference to these statutes, and was intended to save the defendant from liability for losses resulting when the automobile should be driven by a person under the age thus fixed by law for the operation of these vehicles, or when driven by a person under the age of sixteen, although the age fixed by law should be less than sixteen.

Our statutes do not in direct terms fix the age at which it shall be unlawful for a person to operate a motor-vehicle in the public highways. Public Acts of 1911, chapter 85, § 5 (p. 1337), which is the statute by which the question between the parties to this action must be determined, provides as follows: "No person

shall operate a motor-vehicle upon the public highways of this State until he shall have obtained from the secretary [of State] a license for that purpose, but no such license shall be issued until said secretary is satisfied that the applicant is over eighteen years of age and is a proper person to receive it. . . . Nothing herein contained shall prevent the operating of a motor-vehicle by an unlicensed person sixteen years of age or more, . . . if accompanied by a licensed operator." The first part of this section, if taken by itself, in effect fixes the age at which a person may operate a motor-vehicle at eighteen years; for it provides that none but a licensed operator may operate one, and that no person under the age of eighteen years may obtain a license. But the statute is to be interpreted as a whole, and the last part provides, in effect, that any person above the age of sixteen years may operate such vehicle if accompanied by a licensed operator. The effect of the section, taken as a whole, is the same as it would be had it read: Any person sixteen years of age or more may operate a motor-vehicle upon the public highways of this State if accompanied by a licensed operator, or if himself licensed by the secretary of State for that purpose, but no such license shall be issued until the secretary is satisfied that the applicant is over eighteen years of age and is a proper person to receive it. The statute unquestionably fixes sixteen as the age under which a person may not in this State operate a motor-vehicle upon the highways. Under that age no person may operate such vehicle. Above that age any person may operate one if accompanied by a licensed operator, and, if licensed, as he may be if qualified after the age of eighteen, without being so accompanied.

Had the plaintiff's son at the time of the accident been accompanied by a licensed operator, it could not be claimed, rationally, that he was under the age fixed by

law for operating a motor-car. The defendant does not claim that in such case he would have been under the age fixed by law. Its claim is that the words "under the age fixed by law," in its policy, are to be taken in their ordinary, popular sense, and that, so taken, they show that the parties to the policy "intended that the insurer should not cover the operation of the car by a person too young to be licensed to operate a car alone, and yet who was so operating it." We think that this reads something into the provision which the language, taken in its ordinary sense, does not import. The provision of the statute, that an unlicensed person operating a car must be accompanied by a licensed operator, has no relation to the age of the operator. It applies to the man of seventy as well as to the boy of seventeen. Neither may operate the car unless so accompanied, and, when so accompanied, either may, although unlicensed, operate it. If the operator is not so accompanied, the law in each case is violated, not because the operator is under the age fixed by law for operating the car, but because of his non-compliance with the other provision of the statute. The provision in the policy upon which the defendant relies, excepts from the coverage of the policy cases where the operator may be duly licensed and above the age fixed by law but under the age of sixteen fixed by the defendant, as well as cases where he may be above the age fixed by the defendant and under that which is fixed by the law. It raises these two questions: first, was the operator under sixteen years of age; if so, the case is not covered by the policy, although the law of the State may permit a person under that age to operate a car and receive a license to do so; second, if above the age of sixteen years fixed by the defendant, was the operator under the age fixed by law; if so, the case is not covered by the policy. The provision relates solely to the question of age, and

not at all to the question whether the operator has complied with the other requirements of law. The defendant's construction makes liability depend upon the question whether a licensed operator accompanied the plaintiff's son at the time of the accident and not upon the question of his age. But the proviso does not attempt to excuse the defendant from liability for losses incurred by the operation of the automobile contrary to the provisions of the statute. It is not claimed that the defendant would not be liable if an unlicensed person above the age of eighteen years had been operating the car at the time of the accident without being accompanied by a licensed operator, or if a licensed operator had been operating it in violation of the statute when not equipped with suitable brakes, markers, or lights. The manifest purpose was to excuse from liability only in case the operator was too young, either in the opinion of the defendant or under the terms of the statute, to operate a motor-vehicle upon the public highways.

It is said that our construction will tend to encourage violations of the statute. Such is the tendency of accident and indemnity policies generally. They all, in a sense, encourage neglect of duties which the law imposes. While a construction should be sought which will not encourage a violation of the statute, this consideration will not warrant the giving it an impossible construction.

The Superior Court is advised to render judgment for the plaintiff for $675 with interest from the date of his payment of the damages to the date of judgment, without costs.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.