# Walter Bitzer et al., Appellees, v. Southern Surety Company, Appellant.*

1. APPEAL AND ERROR—*duty on review in absence of propositions of law.* Even though no propositions of law are submitted to the court in an action on an automobile insurance policy, it is the duty of the court of review to determine whether the judgment is in accordance with the law and the evidence.

2. APPEAL AND ERROR—*questions reviewable by Supreme Court on appeal from Appellate Court.* An affirmance by the Appellate Court of a judgment in an action on an automobile insurance policy, the Supreme Court would have no questions of law to pass upon except such as arose at the trial on the court's rulings on pleadings, admission of evidence and the like.

3. INSURANCE—*when policy exclusion of acts of automobile driver under certain age does not apply.* The provision of an automobile accident policy that the policy shall not apply to "any automobile while operated by any person in violation of law as to age, or, if there is no legal age limit, under the age of 16 years of age" is controlled by the age limit of 16 years where there is no law fixing an age limit below which a child might not lawfully operate a motor vehicle except the statute requiring a chauffeur to be 18 years of age, and therefore does not apply where the driver was over 16 but under 18 years of age.

4. INSURANCE—*liberal interpretation of policy.* Even though two interpretations of a policy provision are equally reasonable, the one which will enable the insured to recover will be adopted.

5. APPEAL AND ERROR—*when error in judgment amount not considered on appeal.* On the record failing to show that appellant called to the court's attention an error in computing interest, the Appellate Court will not consider it for the first time.

Appeal by defendant from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

BURROUGHS, SIMPSON & RENDERER, for appellant.

GEERS & GEERS, for appellees.

* Received from clerk of Appellate Court, August 8, 1927.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant contracted to indemnify appellees against loss or expense arising or resulting from claims upon them on account of bodily injuries or death accidentally suffered by any person or persons by reason of the ownership, maintenance or use of certain automobiles. The amount of the insurance was $5,000, together with interest and costs. During the life of the contract a child was injured by one of the trucks and recovered a judgment against appellees for $6,500 and costs. Its father also recovered $1,500 and costs. The latter judgment was paid in full by appellees who settled the child's judgment for $6,000. Appellant declined to pay appellees the amount of the policy and suit was brought to recover the same. The declaration was in proper form and appellant filed the general issue and special pleas. A jury being waived, the court found the issues in favor of appellees and entered judgment for $5,637.45.

The accident occurred on September 19, 1919, while Jesse Bitzer, a son of one of the appellees, was driving the truck. At that time he was over 16 but under 18 years of age and had procured a chauffeur's license by misrepresenting his age. The parties stipulated the main facts in the case and agreed that the only question to be determined by the court was whether the operation of the truck by Jesse Bitzer was a violation of one of the provisions of the contract. That defense was set up in the special pleas and is based upon the following clause: ''This policy shall not apply to such bodily injuries or death or damage to or destruction of property caused by reason of the ownership, maintenance or use of any automobile while operated by any person in violation of law as to age, or, if there is no legal age limit, under the age of 16 years of age.''

Although no propositions of law were submitted to the court, it is our duty to determine whether the judg-

ment is in accordance with the law and the evidence. *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.,* 300 Ill. 162. If we affirm the judgment no questions of law are preserved for review by the Supreme Court except such as arose during the progress of the trial upon the rulings of the court upon pleadings, the admissibility of evidence and kindred subjects. *Mutual Protective League v. McKee,* 223 Ill. 364; *Myers v. Union Nat. Bank,* 128 Ill. 478. The question presented is one of much importance and so far as we know has never been passed upon by the courts of this or any other State.

When the policy was issued and also at the time the accident occurred there was no law fixing an age limit below which a child might not lawfully operate a motor vehicle except the statute requiring a chauffeur to be 18 years of age. For that reason appellant contends that the language of the provision is so clear and unambiguous it cannot be construed otherwise than as referring to the requisite age of a chauffeur, that as Jesse Bitzer was under that age appellant was not liable under its contract.

Where provisions, somewhat similar, were involved the courts did not find the language so clear and unambiguous as to admit of but one construction. On the contrary, directly opposite conclusions were reached. *Brock v. Travelers' Ins. Co.,* 88 Conn. 308; *Morrison v. Royal Indemnity Co.,* 180 N. Y. App. Div. 709, 167 N. Y. Supp. 732; *Mannheimer Bros. v. Kansas Casualty & Security Co.,* 147 Minn. 350, 180 N. W. 229. The first case is relied upon by appellees and the others by appellant but we do not consider any of them as having much bearing on the question here represented. It is very doubtful whether the evidence is sufficient to show that Jesse Bitzer was operating the truck in the capacity of a chauffeur at the time of the accident, but we shall consider the case on the theory that he was, as that position is more favorable to appellant.

When the policy was issued and when the accident occurred there was no law to prevent a child 10 years old from operating an automobile so long as he was not employed as a chauffeur. Before the accident happened a statute was enacted to the effect that no person shall operate or drive a motor vehicle who is under 15 years of age, unless such person is accompanied by a duly licensed chauffeur or the owner of the motor vehicle being operated, but that law did not become effective until January 1, 1920.

What, then, is the meaning of the language, ''While operated by any person in violation of law as to age, or, if there is no legal age limit, under the age of 16 years of age?'' The words ''if there is no legal age limit'' make it clear that the provision was only intended to apply to a person who was prohibited by law from operating a car, solely, because of his age. The law referred to must be one that fixes the age below which no person is permitted to drive. There is not a word to indicate that the parties were contracting with reference to the age at which a chauffeur's license might be procured. If appellant intended it to mean the age requisite for such a license it is quite clear that more appropriate language could readily have been selected.

No doubt appellant uses this form of policy in many States. We know of no State in which a chauffeur's license may be lawfully issued to one who is under 18 years of age. Some States have no limitation as to the age at which a child may drive a car providing he is not employed as a chauffeur. Others absolutely prohibit children under 15 and 16 from driving cars. Others permit children under those ages to drive if accompanied by a chauffeur or the owner of the car. If the present law fixing the legal age limit at 15 years had been in force at the time of the accident, no one would seriously contend, it seems to us, that such statute was not the law fixing the legal age limit within the

meaning of the policy.  As no legal age limit had been established, the clause in question fixing the age limit at 16 years must control.  The manifest purpose of the policy provision was to excuse from liability only in case the operator was too young, either in the opinion of appellant or under the terms of a statute, to operate a car upon the public highways.  Even if Jesse Bitzer was driving the truck as a chauffeur and was not of the requisite age, he was not violating any statute fixing a legal age limit because no such statute was in force.  He was above the age agreed upon by the parties and the contract was complied with.

It seems to us that this is a more reasonable construction than that contended for by appellant, but if both interpretations are equally reasonable the one which will enable the insured to recover should be adopted.  *Zeman v. North American Union,* 263 Ill. 304.

In *Travelers' Ins. Co. v. Dunlap,* 160 Ill. 642, at page 647 the court said: "It would not be difficult for the insurer to use language which, in respect to the question here under consideration, would be free from doubt.  A policy of insurance should not be so framed as to be susceptible of one construction in the hands of the soliciting agent, and of quite a different one in the hands of the adjuster."  This language is highly appropriate to the policy in question.

It is suggested that the court erred in the calculation of interest and by reason thereof the judgment is larger by $72.55 than it should have been under the averments of the declaration.  That seems to be true, but if the point had been brought to the attention of the court the declaration could have been amended and under the provisions of the policy the court would have been fully warranted in allowing a larger amount than it did.  We refer to the fact that under the policy appellant agreed to pay interest on $5,000 from the date of the judgment providing the judgment was

for that amount or more. The judgments against ap-. pellees were for more than $5,000 and were rendered in the fall of 1920 and appellees settled them in the fall of 1921 by paying $7,500. The court computed interest on $5,000 and the court costs from the date of settlement until the entry of judgment in this case. So far as the record shows appellant did not call the attention of the court to the fact that an error had been made in computing interest. The question cannot be considered here where it is raised for the first time. *District Grand Lodge v. Menken,* 67 Ill. App. 576. But if we were to reverse the judgment for that reason appellees could amend their declaration and obtain a larger judgment.

The judgment is fully supported by the law and the evidence and it will be affirmed.

*Affirmed.*