UNITED STATES FIDELITY & GUARANTY COM-
PANY *v.* GUENTHER.

No. 179. Argued January 23, 1930.—Decided February 24, 1930.

*Mr. Clinton M. Horn,* with whom *Mr. Fred J. Perkins* was on the brief, for petitioner.

*Mr. William M. Byrnes,* with whom *Messrs. James G. Bachman* and *Eugene Quigley* were on the brief, for respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

In February, 1925, the Fidelity & Guaranty Co. issued to Guenther, a resident of Cleveland, Ohio, an automobile insurance policy, insuring him against loss and expense arising from claims upon him for damages in consequence of any accident occurring within the United States or Canada by reason of the use of his automobile and resulting in bodily injuries to another person. The policy provided that it was subject to the express condition that it "shall not cover any liability of the assured while [the automobile is] being operated by any person under the age limit fixed by law or under the age of sixteen years in any event."

In May, while the policy was in force, the automobile was being operated, with Guenther's consent and permission, by a minor seventeen years of age upon the highways and streets of the city of Lakewood, Ohio, and collided with and inflicted personal injuries upon a third person. At that time there was in force in the city of Lakewood an ordinance which made it "unlawful for any owner, bailee, lessee or custodian of any motor vehicle to permit a minor under the age of 18 years to operate or run said motor vehicle upon public highways, streets or alleys in said City of Lakewood."

No statute of the State of Ohio made unlawful the operation of an automobile by minors over sixteen years of age.

The injured person sued Guenther and recovered judgment. Guenther, having paid this judgment, brought an action against the Company on the insurance policy to recover the loss and expense incurred by him in the personal injury suit. This was removed to the Federal District Court for northern Ohio, where Guenther recovered judgment, which was affirmed by the Circuit Court of Appeals. 31 F. (2d) 919.

The sole question presented here is whether, under the terms of the policy, liability of the Company was excluded by reason of the municipal ordinance.

1. We think that within the plain meaning of the policy the operator of the automobile was " under the age limit fixed " by the ordinance. True it is that the ordinance does not fix a general age limit for operators of automobiles. But as the ordinance makes it unlawful for the owner of an automobile to permit a minor under eighteen years of age to operate it, to say that when the owner permits a minor only seventeen years of age to operate it the operator is not " under the age limit fixed " by the ordinance would be merely sticking in the bark.

2. The fact that a State statute prohibits the employment of a child under sixteen years of age to operate an automobile[1] does not affect the validity of the city ordinance. Municipal corporations in Ohio are given " special power to regulate the use of the streets, to be exercised in the manner provided by law," and " the care, supervision and control of public highways, streets," etc.[2] Plainly, the general statute which merely forbids the employment of minors under sixteen years to operate automobiles, does not prevent the city, in the exercise of its delegated power to regulate the use of its streets, from prohibiting the operation of automobiles by minors under eighteen years of age. Such a regulation merely supplements locally the provision of the general statute and is not in conflict with it. Thus, in *Heidle* v. *Baldwin,* 118 Oh. St. 375, 385, the court held that a municipality had the power to adopt regulations as to the use of its streets in addition to those imposed by a state statute, and sustained an ordinance imposing a more onerous obligation upon drivers at intersecting streets than that imposed by the statute.

[1] Throckmorton's Annotated Code of Ohio, § 13002.
[2] Throckmorton's Annotated Code of Ohio, § 3714.

3. This brings us to the question whether the age limit fixed by the municipal ordinance is one " fixed by law " within the meaning of the policy.

In *Imperial Fire Insurance Co.* v. *Coos County,* 151 U. S. 452, 462, this court said: " It is settled . . . that, when an insurance contract is so drawn as to be ambiguous, or to require interpretation, or to be fairly susceptible of two different constructions, so that reasonably intelligent men on reading the contract would honestly differ as to the meaning thereof, that construction will be adopted which is most favorable to the insured. But the rule is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense."

Applying that rule here, we think that when the words of the exclusion clause are taken in their ordinary meaning they are free from any ambiguity that requires them to be construed most strongly against the Company. The plain and evident purpose of the clause was to prevent the Company from being held liable for any accident occurring while by reason of the age of the operator the automobile was being operated in violation of law. To that end liability was excluded when the operator was under " the age limit fixed by law." This is not limited to the case where the age limit is fixed by " a law," a specific phrase frequently limited in a technical sense to a statute, which, to say the least, would have involved doubt as to whether a municipal ordinance was included. On the contrary the clause uses the broad phrase " fixed by law," in which the term " law " is used in a generic sense, as meaning the rules of action or conduct duly prescribed by controlling authority, and having binding legal force; including valid municipal ordinances as well as statutes. Thus in

the *Matter of Petition of Mutual Life Insurance Co.*, 89 N. Y. 530, 531, 533, the court held that a street grade fixed and established by an ordinance of the city council, duly authorized thereto, was one " fixed and established by law."

We find no ambiguity in the phrase " under the age limit fixed by law " contained in the exclusion clause of the policy; and think that, by reason of the ordinance, liability on the part of the Company is precluded.

The judgment is

*Reversed.*