## MARYLAND CASUALTY CO. v. FRIEDMAN.

## FRIEDMAN v. MARYLAND CASUALTY CO.

### Nos. 8832, 8833.

Circuit Court of Appeals, Eighth Circuit.
Nov. 25, 1930.

John F. Cook, of Kansas City, Mo. (Trusty & Pugh, of Kansas City, Mo., on the brief), for Sam Friedman.

A. E. Stoll, of Kansas City, Mo. (H. L. McCune, R. B. Caldwell, and McCune, Caldwell & Downing, all of Kansas City, Mo., on the brief), for Maryland Casualty Co.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

BOOTH, Circuit Judge.

There are here an appeal and a cross-appeal from a judgment entered upon a verdict directed by the trial court in favor of Friedman, plaintiff below, in an action brought by him against the casualty company upon a policy of liability insurance, covering damages arising from the operation of his automobile truck.

The appeal raises the question whether the court erred in directing a verdict in favor of plaintiff at the close of all the evidence.

The cross-appeal raises the question whether the court erred in refusing to submit to the jury the question of vexatious delay (under the Missouri statute) on the part of the casualty company by its refusal to settle the judgment obtained against Friedman for damages on account of the personal injury caused by his automobile truck.

The action was originally brought in the state circuit court in Jackson county, Mo., but was duly removed on the ground of diversity of citizenship.

The short facts in the case are not in dispute and are as follows: A policy of automobile liability insurance was issued by the casualty company to Friedman in April or May, 1925, covering his Ford truck. While the policy was in force in July, 1925, the truck was being driven by an employee of Friedman named Bohnbank, in the city of Kansas City, Mo., and a collision occurred between the truck and a motorcycle driven by one Bates. At the time of the accident, Bohnbank was over 16 and under 18 years of age. Suit was brought by Bates against Friedman, and a judgment was recovered which was paid by Friedman. He demanded reimbursement from the casualty company and that company refused payment on the ground that it was not liable under the terms of the policy. The present suit followed.

The policy contained the following provision: "This policy does not cover while the said Automobile or Automobiles are (a), * * * or (b) being operated by any person under the age limit fixed by law, or under the age of sixteen (16) years in any event. * * *"

During the time covered by the policy, there were in force in the state of Missouri the statutory provisions set out in the margin.[1]

---

[1] Laws of Missouri, 1921, First Extra Session, page 77, § 3:

"Definitions: * * *

" 'Chauffeur.' An operator (a) who operates a motor vehicle in the transportation of persons or property, and who receives compensation for such service in wages, salary, commission or fare, or (b) who as owner or employee operates a motor vehicle carrying passengers or property for hire. * * *

" 'Registered operator.' An operator, other than a chauffeur, who regularly operates a motor vehicle of another person in the course of, or as an incident to his employment, but whose principal occupation is not the operating of such motor vehicle."

Laws of Missouri, 1921, First Extra Session, page 83, § 8:

"Registration of chauffeurs.—(a) Every person desiring to operate a motor vehicle as a chauffeur shall file in the office of the commissioner a statement containing his name, age, address and the trade name, style and motive power of the motor vehicles he is competent to operate, on a blank to be furnished for that purpose by the commissioner. Such application shall be endorsed by two citizens of this state who are registered motor vehicle owners who shall certify to the correctness of the facts stated in such application and the good character of the applicant, and such application shall be accompanied by two duplicate photographs of the applicant of such size as shall be specified by the commissioner, endorsed with the genuine signature of the applicant. * * *

"(c) The commissioner shall also furnish to such applicant, without further charge, a suitable metal badge of such size as the commissioner may determine, which shall bear thereon the words 'Registered chauffeur number, ...... Missouri motor vehicle law' (with the registry number inserted therein) and said badge shall be thereafter worn by such chauffeur upon his clothing in a conspicuous place at all times when he is operating a motor vehicle on the highways. No certificate of registration as chauffeur shall be issued to any person under the age of eighteen years."

Laws of Missouri, 1921, First Extra Session, page 83, § 9:

"Registration of registered operators.—(a) Every

At the trial, the court directed a verdict for the plaintiff on the ground that the clause in the policy, above quoted, referred only to the general age limitation mentioned in the Missouri statute, viz, 16 years; and that as Bohnbank, the driver of the truck at the time, was over 16 years of age, the other provisions of the statute had no application. In this ruling, we think the trial court erred.

The broad purposes of the several statutory enactments quoted were: (1) To prevent any one under the age of 16 from operating a motor vehicle on the highways of the state; (2) to prevent any one under the age of 18, or without a certificate of registration, from operating a motor vehicle: (a) as a "chauffeur," or (b) as a "registered operator," as those terms are defined in the statute.

These several statutory provisions are not inconsistent with each other, and were enacted by the state Legislature at the same time and as parts of one chapter.

We are of the opinion that "the age limit fixed by law" was 18 years for the driver of the automobile truck in question under the circumstances disclosed. It is conceded that he was under that age. The liability incurred by reason of the accident was therefore not within the coverage of the policy.

The case of United States Fidelity & Guaranty Co. v. Guenther, 281 U. S. 34, 50 S. Ct. 165, 166, 74 L. Ed. 683, a decision which was handed down after the trial of the

case at bar, is in our opinion decisive here. In the Guenther Case, the policy contained a provision that it "shall not cover any liability of the assured while (the automobile is) being operated by any person under the age limit fixed by law or under the age of sixteen years in any event." This is substantially the same as the provision contained in the policy involved in the present suit. In the Guenther Case there was also in force an ordinance in the city of Lakewood, where the accident occurred, which made it "unlawful for any owner, bailee, lessee or custodian of any motor vehicle to permit a minor under the age of 18 years to operate or run said motor vehicle upon public highways, streets or alleys in said City of Lakewood." This is similar to the Missouri statute prohibiting any person from employing as a chauffeur or as a registered operator of a motor vehicle any one who had not complied with the provisions of the motor vehicle law; and that law required a person to be 18 years of age before a registration certificate could be issued to him. The Supreme Court in the Guenther Case said:

"The sole question presented here is whether, under the terms of the policy, liability of the Company was excluded by reason of the municipal ordinance.

"We think that within the plain meaning of the policy the operator of the automobile was 'under the age limit fixed' by the ordinance. True it is that the ordinance does not fix a general age limit for operators of automobiles. But as the ordinance makes it unlawful for the owner of an automobile to permit a minor under eighteen years of age to operate it, to say that when the owner permits a minor only seventeen years of age to operate it the operator is not 'under the age limit fixed' by the ordinance, would be merely sticking in the bark."

The Supreme Court further held that the language of the policy was unambiguous, and therefore the rule that, where the policy is ambiguous, it should be construed against the insurance company, had no application. It was held that the insurance company was not liable.

In our opinion, the Guenther Case is not distinguishable from the case at bar.

In view of the foregoing holding on the question of liability of the casualty company under the policy, the question of vexatious delay raised by the cross-appeal requires no consideration, at this time.

It is further urged on the cross-appeal that this court should pass upon the refusal

person desiring to operate a motor vehicle as a registered operator shall file in the office of the commissioner a statement containing his name, age and address, and the trade name and motive power of the motor vehicle he is competent to operate, on a blank to be furnished by the commissioner for that purpose, which shall be endorsed by two citizens of this state who are registered motor vehicle owners, who shall certify to the correctness of the facts stated in such application and the good character of such applicant.

"(b) Upon the filing of such statement and the payment of a fee of $3.00, the commissioner shall issue and deliver to the applicant a certificate of registration, which shall contain the name and address of the person registered and the words 'Registered operator number, ...... Missouri motor vehicle law' (with the registration number inserted therein). Such certificate shall be endorsed by the genuine signature of the person to whom it is issued. No certificate as a registered operator shall be issued to any person under the age of eighteen years."

Laws of Missouri, 1921, First Extra Session, page 103, § 27:

"(c) Employment of unregistered chauffeurs and operators: No person shall employ as a chauffeur or registered operator of a motor vehicle any person who has not complied with the provisions of this act, or whose certificate of registration has been revoked. * * *

"(i) Age limit of operators: No person under the age of sixteen (16) years shall operate a motor vehicle on the highways of this state."

of the trial court to submit to the jury the question whether defendant had not waived its right to claim that there was no liability on its part under the policy.

In the view which the trial court took as to the construction of the policy, the question of waiver was not necessary to be considered by it, and was not considered.

As the case must go back for a new trial, and the evidence on the question of waiver may then be materially different from the evidence on the former trial, it would be inadvisable for us to consider the question of waiver based upon the evidence on the former trial.

Other questions raised have been considered but found without merit.

The judgment is reversed, and the case remanded for a new trial.