## BRADLEY v. MERCHANTS' MUT. CASUALTY CO. et al.

District Court, D. Maine, S. D.

May 10, 1934.

Frank T. Powers, of Lewiston, Me., for plaintiff.

Cook, Hutchinson, Pierce & Connell, of Portland, Me., for defendants.

PETERS, District Judge.

This is a bill in equity brought under the authority of chapter 60, §§ 177–180, of the Revised Statutes of Maine, to reach and apply to a judgment recovered by the plaintiff against the defendant Foss certain insurance money claimed to be due under a policy of automobile liability insurance issued by the defendant insurance company to Foss.

I find that the substantial facts are not in dispute and are briefly as follows: The defendant Foss operated a motor express freight line in the state, driving his Reo truck himself, with the assistance of a boy who was paid $1.50 per day for helping in loading and delivering and also driving the truck occasionally when necessary. On April 15, 1933,

the boy alone was driving the truck on the highway on business of Foss and with his authority, when it came into collision with another motor vehicle resulting in serious injuries to the plaintiff. In consequence he brought a suit against Foss and recovered a judgment for $17,680 damages for which execution issued from the superior court in Androscoggin county on September 16, 1933. This execution is unsatisfied. The boy who was driving the truck was born on February 24, 1916. Foss, the owner of the truck, had an insurance policy called "an automobile liability policy," in force at the time of the accident, issued by the defendant Merchants' Mutual Casualty Company, insuring the owner of the truck against liability for damages due to its operation, with certain exceptions or "exclusions," so called, the pertinent part of one of which is as follows:

"This policy does not cover any accident occurring while the described motor vehicle is * * * being operated by or while in charge of any person who is either under the age fixed by law for drivers of automobiles, or, who is, in any event, under the age of fourteen years."

The policy limited to $10,000 the liability of the insurer for one person injured. The purposes for which the insured vehicle was to be used are described in the policy as "commercial."

At the time the suit was brought by the plaintiff against Foss, the insurance company on being notified denied liability by reason of the clause in the policy above mentioned, but offered to defend the suit at its own expense and to aid in its defense if the insured, Foss, would agree that the rights of the insurer under the exclusion clause should not be waived thereby. That suggestion was rejected and no defense was made to the action, either by Foss or by the insurance company.

The Maine law provides that no person shall operate a motor vehicle on the highways unless licensed according to the provisions of the statute, and under those provisions no license may be issued to a person under the age of fifteen (Rev. St. 1930, c. 29, §§ 33, 39).

The boy who drove the truck at the time of the accident had no driver's license of any kind; nor could he have secured one as a chauffeur, because, under the Maine statute, such license may not issue to any person less than eighteen years of age (section 36). His age was no bar to obtaining an "operator's license," so called, as he was over fifteen. The statute (chapter 29, § 36) provides, however, that an operator's license shall not entitle a person to operate a motor vehicle as a chauffeur as defined therein, the definition of a "chauffeur" being "any person who operates a motor vehicle other than his own, and who, directly or indirectly, receives compensation for any work or services in connection therewith."

The Maine statute (Rev. St. 1930, c. 60, § 180) under the authority of which this action is brought, expressly provides that it shall not apply "When the automobile, motor vehicle or truck is being operated by any person contrary to law as to age, or by any person under the age of sixteen years where no statute restricts the age."

Defense is made on two grounds:

1. That the situation disclosed brings the case within the above exception, because, as alleged, the truck in question was being operated "contrary to law as to age." And,

2. That even if the plaintiff was entitled by the Maine statute to bring this suit, he cannot recover, by reason of the exception in the insurance policy to the effect that it does not cover any accident occurring while the vehicle is being operated by any person under the age fixed by law for drivers of automobiles.

### Conclusions of Law.

It appears to me that both or neither of these defenses must be good. I fail to find any substantial difference between the language of the exception in the statute and the language of the "exclusion," so called, in the policy. The one expressly covers operation by a person "contrary to law as to age"; the other by a person "under the age fixed by law for drivers of automobiles."

Each is intended to cover the same contingency, i. e., the obviously dangerous situation of the operation of a motor vehicle by a person too young to do so. The age limit was fixed by reference to the law, or, if the law should be silent on that point, then sixteen years was to be the minimum under the statutory exception and fourteen years under the policy exception. The law was not silent, however, and, by virtue of the provisions above referred to, prohibited any person under fifteen from driving at all (with certain exceptions not pertinent) and any person under eighteen from driving as a chauffeur.

The definition of a "chauffeur" in the Maine statute above quoted is easily broad enough to cover the capacity in which the driver in this case was acting at the time of

the accident. Although driving as a chauffeur, he was prohibited from doing so by law, because he was under the age required for obtaining the necessary license. Was he driving "contrary to law as to age?"

■ The wording is somewhat concise, but it reasonably can have no other meaning than "contrary to (the provisions of) law as to (the) age" at which a person may drive.

■ To state the question is almost to answer it. The driver was operating the truck when it was illegal for him to do so on account of his age. It was "being operated by any person contrary to law as to age."

The only alternative construction suggested is one based upon the supposed purpose of the law to excuse from liability only in case the operator is too young, by the terms of any statute, under any circumstances, to drive a car upon the public highways; and that, therefore, the fifteen-year limit of the Maine statute applies and not the eighteen-year limit for a chauffeur, in which capacity I have found the driver was acting at the time of the accident.

That view of the law is supported by various decisions called to my attention by plaintiff's counsel. Among others, Bitzer et al. v. Southern Surety Co., 245 Ill. App. 295, Brock v. Travelers' Ins. Co., 88 Conn. 308, 91 A. 279.

The reasoning in the above cases is not satisfying. The conclusions seem to do violence both to the language and the manifest purpose of the limitation—substantially the same in the statute and in the insurance policy—which purpose manifestly is *exclusion from liability on any occasion when, by reason of the age of the driver, the motor vehicle is being operated in violation of the law.*

If the driver in this case had been driving his own or the family car, the insurance company could not avoid liability because, although the driver was operating contrary to law, having no license, his age was not a bar to obtaining one.

The operator of the truck here, driving for hire as a chauffeur, was operating it contrary to law, not only because he had no license but because he was under the required age.

The stipulation in both the statute and the insurance policy is plainly directed to the particular situation existing at the time of the accident. It is immaterial that the same driver, if he had been operating under other circumstances, would not have been operating in violation of the law as to age. That principle is established by the case of United States Fidelity & Guaranty Co. v. Guenther, 281 U. S. 34, 50 S. Ct. 165, 74 L. Ed. 683, 72 A. L. R. 1064, and is inconsistent with the principle contended for by the plaintiff here.

The instant case is wholly on fours with Maryland Casualty Co. v. Friedman (C. C. A.) 45 F.(2d) 369, 371, the decision in which case rested on the Guenther Case as authority. In the Friedman Case the court stated that the broad purposes of the statute in question there were (1) to prevent any one under the age of sixteen from operating a motor vehicle on the highways of the state, and (2) to prevent any one under the age of eighteen from operating as a chauffeur. The court said:

"We are of the opinion that 'the age limit fixed by law' was 18 years for the driver of the automobile truck in question under the circumstances disclosed. It is conceded that he was under that age. The liability incurred by reason of the accident was therefore not within the coverage of the policy."

My conclusion is that the plaintiff has not brought himself within the privileges afforded by the Maine statute on account of the exception above discussed, and that, in any event, the exception in the policy would prevent recovery.

The bill will be dismissed, with costs.