The judges of the Court of Appeal for the Second Circuit of Louisiana submitted for our instruction questions of law *Page 317 
arising in the above entitled case pending before them on appeal and we ordered that court to send up the entire record for our consideration of the case.
The plaintiff, A. Hollingsworth Phillips, instituted this suit against O.P. Avinger and his insurer, the New Amsterdam Casualty Company, in solido, seeking to recover the sum of $5,605.75 for damages for personal injuries alleged to have been sustained by him as a result of a collision between the automobile which he was driving and Avinger's delivery truck, which was being operated at the time of the accident by his employee Harry Leftwich in the course of his employment.
The defendant insurer filed exceptions of no right or cause of action based on the insured's breach of the clause in the insurance contract that "* * * This policy does not apply: * * * c. Under any of the above coverages while the automobile is being operated by any person under the age of 14 years or by any person in violation of any state, federal, or provincial law as to age applicable to such person or to his occupation * * *," in that the operator of the truck at the time of the collision, Harry Leftwich, was under the age of 18 years and not licensed according to Section 12 of Title VI of Act 21 of 1932. Defendant Avinger also filed exceptions of no cause and no right of action.
The exceptions were fixed for trial and evidence supporting the contention of the exceptor, New Amsterdam Casualty Company, *Page 318 
was adduced without objection on the part of the plaintiff. Twelve days after the matter was submitted to the trial judge for a decision, but prior to his decision thereon, counsel for plaintiff filed a motion to strike from the record the testimony taken in support of the exceptions, which motion was overruled.
The trial judge rendered judgment overruling the exception of no cause of action but as to the New Amsterdam Casualty Company the court sustained the exception of no right of action and dismissed plaintiff's suit. The plaintiff appealed from that part of the judgment of the court maintaining the exception of no right of action only.
The plaintiff contends that in connection with the exception of no right of action the law allows the taking of testimony solely on the question of the right of the plaintiff to institute suit and that the evidence offered tending to prove that defendant was not liable is not responsive to the plea and it must, therefore, be stricken from the record. In support thereof plaintiff relies particularly on the recent decision of the Court of Appeal for the Parish of Orleans, Duplain v. Wiltz, 174 So. 652, and the authorities therein discussed (in which case we denied application for writ of certiorari), and an excerpt from the case of Eastman v. Benton, 184 La. 620, 167 So. 169.
The cases cited by counsel do not support his contention. In the first cited case, contrary to the case at bar, the evidence offered was timely objected to by the other party. The only matters at issue in the *Page 319 
latter case were the citation and the want of jurisdiction of the court ratione materiae and ratione personae.
In this case the plaintiff not only allowed the testimony to be taken without objection, but apparently acquiesced in the setting of the case for trial and participated in the cross-examination of the witnesses tendered by the defendant.
This court, in an unbroken line of jurisprudence, has laid down the principle to the effect that evidence otherwise inadmissible received without objection enlarges the pleadings and must be considered by the court. McMicken v. Brown, 6 Mart., N.S., 85; England v. Gripon, 15 La.Ann. 304; Kean v. Brandon, 17 La.Ann. 37; Draper v. Richards, 20 La.Ann. 306; Fontenot v. Manuel, 46 La.Ann. 1373, 16 So. 182; Bell v. Globe Lumber Company,107 La. 725, 31 So. 994; Houston River Canal Co. v. Reid, 127 La. 630, 53 So. 887; Daugherty v. Canal Bank Trust Co., 180 La. 1003,158 So. 366; Ducote v. Ducote, 183 La. 886, 165 So. 133. Consequently, when the exceptions were tendered to the court for decision, the pleadings had been enlarged by the evidence so as to include, the same as though written in the petition, that at the time of the accident Avinger's employee Leftwich was 17 years of age and was operating the truck without a license, contrary to the provisions of Act 21 of 1932, Section 12 of Title VI.
In our recent decision in the case of Parks v. Hall,189 La. 849, 181 So. 191, 193, we stated that: "`An insurance policy is a contract and the rules established *Page 320 
for the construction of written instruments apply to contracts of insurance.' 14 Ruling Case Law, § 102, p. 925; Wallace v. Insurance Co., 4 La. 289; Brown v. Life Casualty Ins. Co., La.App., 146 So. 332; Civ. Code, arts. 1901, 1945. In accordance with this rule `an automobile collision policy must be construed according to the evident intent of the parties, to be derived from the words used, the subject matter to which they relate, and the matters naturally or usually incident thereto. The language employed in the policy is to be construed so as to effectuate the insurance and not for the purpose of defeating it; therefore, if the language used is ambiguous or admits of two constructions, it will be construed in favor of insured and against insurer in such a way as to protect the interest of insured who has paid a consideration for the indemnity. * * *' 42 Corpus Juris, § 356, pp. 790, 791; Heiman v. Pan American Life Ins. Co., 183 La. 1045,165 So. 195; Travia v. Metropolitan Life Ins. Co., 186 La. 934,173 So. 721."
Appleman in his works on "Automobile Liability Insurance," construing a clause identical to the one under consideration here, commented as follows:
"There is no serious question that such clauses are not valid and enforceable. The author has found no case which holds otherwise, and there are many strong decisions holding such clauses effective. [Citing in support thereof United States Fidelity Guaranty Co. v. Guenther, 1930, 281 U.S. 34, 50 S.Ct. 165, 74 L.Ed. 683, 72 A.L.R. 1064; Maryland Casualty Co. v. Friedman, 1930, 8 Cir., 45 F.2d 369; *Page 321 
Bradley v. Merchants' Mutual Casualty Co., 1934, D.C., 6 F. Supp. 926, and leading decisions from eleven state courts.] An insurance policy is a contract between two parties having power and authority to insert any provisions and exclusions which they desire. If, in consideration of the amount of premium paid, these parties desire to exclude coverage under certain situations, they are at liberty to do so. This is limited only by considerations of public policy and of morals." See, also, Ruiz v. Clancy,182 La. 935, 162 So. 734; Huddy's Cyclopedia of Automobile Law, 9th Ed., Vol. 13-14, p. 414. (Brackets ours.)
Counsel for plaintiff does not claim that the clause in controversy is ambiguous. In fact a mere reading of the same will show the contrary. Nor has he pointed out that the same should not be given effect because of any consideration of public policy or public morals, and we can think of none. In fact, it is our opinion that the clause favors public policy in that it encourages the enforcement of the laws of this state with reference to the operation of motor vehicles on the streets, public roads, and highways of the state.
We therefore conclude that the insured, having breached his contract with his insurer, the latter is thereby absolved from liability, as Act No. 55 of 1930 only extends to plaintiff a direct right of action against the insurer within the terms and limits of the policy.
For the reasons assigned, the judgment of the lower court dismissing plaintiff's suit as to the New Amsterdam Casualty Company is affirmed at plaintiff's cost. *Page 322