**MARYLAND CASUALTY CO. v. CRONHOLM et al.**

**C. A. No. 25.**

District Court, S. D. Texas, Galveston Division.

April 2, 1940.

Lockhart, Hughes & Lockhart, of Galveston, Tex., for plaintiff.

Levy & Levy, of Galveston, Tex., for defendants Cronholm, Dorsey & Brinkley.

Marion J. Levy, of Galveston, Tex., guardian ad litem for minor defendant Albert Brinkley.

Bryan, Suhr, Bering & Bell, of Houston, Tex., for defendants Dr. and Mrs. F. H. Hodde.

ALLRED, District Judge.

Plaintiff brought this suit under the declaratory judgment act, 28 U.S.C.A. § 400, for adjudication of the rights of the parties under an automobile liability insurance policy. A jury was waived, and the case submitted to the court upon stipulation.

Plaintiff is a Maryland corporation; defendants are resident citizens of Texas.

On March 21, 1939, plaintiff issued to defendants Cronholm and Dorsey (conducting a grocery store business in Galveston, as M. N. Bleich Co.), an automobile policy for a term of one year, covering a Ford Panel delivery truck. The insurance contract indemnified and agreed to defend the insured from liability for personal injury damages (not exceeding $5,000 for each person injured and $10,000 for each accident), and property damages ($5,000 for each accident). The delivery truck was used in carrying on the grocery business of Bleich Co., its use at all times in question in this suit being "commercial."

On July 30, 1939, the Ford truck, while being driven by the minor defendant Albert Brinkley, was in a collision with an automobile driven by the defendant Dr. F. H. Hodde, in which his wife, the defendant Mrs. F. H. Hodde, was then riding. As a result of such collision, defendants Hodde filed suit in the state district court of Galveston County, Texas, on December 12, 1939, against the grocery firm for damages amounting to more than the $5,000 and $10,-000 limits provided in the policy. The defendant grocery firm (the insured) has called upon plaintiff to defend such suit.

The Ford delivery truck was used commercially by the grocery firm. At the time of the collision it was being driven by the minor defendant Brinkley with the permission of the insured and as the "employee, agent and servant of the insured."

Brinkley, a junior high school student, was fifteen years old at the time of the collision. He had gone to work for the grocery firm on July 24, 1939, about one week before the collision. He "was employed to work around the grocery store * * * to clean up, to replenish stock, work in the stock room, and to make deliveries of groceries on a bicycle or to nearby customers on foot." Prior to the accident he had only driven the truck on about five occasions; and then to deliver orders to customers residing at relatively long distances from the store. Although his working hours were from 7 a. m. until 7 p. m., "he had not driven or operated the truck on an average for as much as an hour per day. * * * His operation of said truck was only occasional and incidental, and no part of the salary paid to him was *apportioned* or *allocated* as compensation for such occasional and incidental operation of said truck." (Italics supplied).

On the day of the collision, Brinkley left defendants' store with two orders for delivery in said truck. He made one delivery to a customer about six blocks from the store and started in the truck to make the second delivery. The collision occurred while he was en route to make the second delivery, at a point about fifteen blocks from the store, to which he would have returned immediately upon delivery of the second order had it not been for the collision. The deliveries would not have taken over thirty minutes in normal course.

Prior to the collision an "operator's" license had been issued Brinkley by the Texas Department of Public Safety, and this license was in full force and effect at the time of the collision. Brinkley, however, did not have a "chauffeur's" license.

The policy of insurance contains an exclusion clause, reading in part as follows:

"This policy excludes any obligation of the company * * *

"(e) While the automobile is being driven * * * by any person in violation of any State, Federal, or provincial law *as to age* applicable to such person or to his occupation, or by any person under the age of fourteen;" (Italics supplied).

Plaintiff contends that it is not liable because, at the time of the collision, the truck was being driven by Brinkley in violation of the Texas law "as to age applicable to * * his occupation."

It must be borne in mind, at the every outset, that the exclusion clause does not exempt the insurer from liability if the automobile is being driven in violation of *any* law, but only "in violation of any state * * * law *as to age* applicable to such person or to his occupation." (Italics supplied); and again, the exclusion clause does not read, "in violation of any state law as to *his occupation,*" but, *"as to age* applicable

to such person or to his occupation." (Italics supplied).

The Texas Drivers' License Law was passed in 1935, Acts 1935, 45th Leg., 2nd C. S., p. 1785, ch. 466, and is now known as Article 6687a, Texas Vernon's Ann.Civ.St. Section 2 of the Act reads as follows: "On and after April 1, 1936, no person except those expressly exempt under this Act, shall drive any motor vehicle upon a highway in this State unless such person upon application has been licensed as an *operator* or *chauffeur* by the department [of public safety] under the provisions of this Act." (Italics supplied).

Section 3 sets out certain exemptions from license not pertinent here.

Section 4(a) reads as follows: "An *operator's license* shall not be issued to any person under the age of fourteen (14) years and no *chauffeur's license* shall be issued to any person under the age of eighteen (18) years; provided, that the county judge of the county wherein such person resides, after investigation may authorize the Department to issue a special permit or license to any such person when in his opinion the person so applying is qualified and conditions exist which make it necessary for such person to drive or operate a motor vehicle upon a highway." (Italics supplied).

Section 1(g) reads as follows: "Chauffeur. Any person who operates a motor vehicle for *any purpose, whole or part time,* as an *employee, servant, agent,* or independent contractor, whether paid in salary or commission; and every person who operates a motor vehicle while such vehicle is in use for hire or lease." (Italics supplied).

■ There are no Texas decisions construing this part of the statute,[1] as to whether a person, employed as was Brinkley, is a "chauffeur." The statutory definition is, however, very broad. The test seems to be: (1) Did such person operate the motor vehicle in whole or part time employment; (2) was he at such time an employee, servant, agent, or independent contractor; and (3) was he paid for such service?

■ As applied to Brinkley, each of these questions must be answered in the affirmative. He operated the truck; he was, at such time, the employee and servant of the insured; and he received pay for it. The fact that "no part of the salary paid to him was *apportioned* or *allocated* as compensation for such occasional and incidental operation of said truck" does not necessarily mean that he was not paid for such service; only that a portion of his pay was not allocated expressly for the service. He was *paid* nevertheless. Nor would the fact that he only drove the truck "occasionally and incidentally," averaging not more than one hour per day, prevent his coming within the broad terms of the statute.

A casual employee was held to be a "chauffeur" within an automobile drivers' license law of the State of Maine containing a definition very similar to that found in the

[1] The Attorney General of Texas, however, has rendered an opinion, No. 0-580, dated April 14, 1939, holding that linemen, troublemen, meter readers, meter testers, collector, local manager, an engineer, a mechanic, a department head, a power salesman, all employees of a gas utilities system who drive company-owned vehicles in the course of the performance of their duties are "chauffeurs" within the meaning of the statute. In this opinion the Attorney General reviews the history of the Drivers' License legislation, and points to the fact that the former statute (S.B.No. 15, 44th Leg., 2nd C.S., Gen. and Special Laws of Texas, Ch. 466, p. 1785) contained a more limited definition of a "chauffeur:"— "Every person who is employed for the *principal purpose* of operating a motor vehicle; and every person who drives a motor vehicle while in use for hire." (Italics supplied).

In the Act of 1937, now Art. 6687a, the Legislature "dispenses the key words 'for the principal purpose of operating a motor vehicle' and substitutes the equally clear and unambiguous but much broader language: 'who operates a motor vehicle *for any purpose, whole or part time.*'"

The Attorney General expressly holds that Sec. 1(g), Art. 6687a, supra, "is applicable to all persons who meet three specifications of the definition. First, such individuals must operate a motor vehicle, the purpose being immaterial, any reason being sufficient. Second, the operation may be either all of the time or part of the time. Third, such persons must be employees, servants, agents, or independent contractors. *The manner or amount of payment is immaterial.*" (Italics supplied).

378

Texas statute. Bradley v. Merchants' Mut. Casualty Co. et al., D.C.Me., 6 F.Supp. 926.

The same reasoning has impelled the courts to hold that a person is an employee within the meaning of an insurance policy, notwithstanding that his work was occasional and casual. Ochoa v. Winerich Motor Sales Co. et al., 127 Tex. 542, 94 S.W.2d 416; Church v. Consolidated Indemnity & Ins. Co., 174 A. 488, 12 N.J.Misc. 722; Texas Employers' Ins. Ass'n v. Wright, 128 Tex. 242, 97 S.W.2d 171, 172, 173.

The Texas statute (Sec. 2, above) makes clearly unlawful the driving of any motor vehicle upon a highway in this state without a "chauffeur's" license by any person who is required by the act to secure such license. True, the statute says, "No person except * * * shall drive any motor vehicle * * * unless such person * * * has been licensed as an operator or chauffeur," but this does not mean that one who should have had a "chauffeur's" license can escape prosecution because he had an "operator's" license.

■ The fact, however, that Brinkley comes within the definition of a "chauffeur" and did not have a license as such does not necessarily mean that the *exclusion clause of the policy* would apply. We must again remind ourselves that the exclusion clause does not exempt the insurer simply because the automobile is being driven *in violation of the law generally,* or if it is being operated by a person without a "chauffeur's" license. Its terms are clear; it exempts the insurer from liability only if the automobile is being driven "in violation of any state * * * law *as to age* applicable to such person or to his occupation. * * *"

The Texas law does not prohibit the driving of an automobile by a person, even a "chauffeur," *under 18 years of age.* It prohibits the driving of such car *without a license, irrespective of age.* The offense, however, is not a violation of a "state law *as to age;*" and the policy does not exempt simply because the person driving the car may have violated *the* law, or because he did not have a *license.*

Brinkley *could* have secured a "chauffeur's" license provided the county judge of the county of his residence, after investigation, authorized the department to issue it. Indeed, under the terms of Sec. 4(a), supra, there is no prohibition to the issuance of either an "operator's" license or a "chauffeur's" license to persons *under the age* of 14 or 18 years, if the county judge recommends it. The clause authorizing such action by the county judge seems to refer back to both types of license—the "operator's" license and the "chauffeur's" license.

Brinkley was unlawfully driving the truck because he had no "chauffeur's" license, *not because of his age.* He *could* have gotten the "chauffeur's" license by proper application, although the requirements would have been stricter for him, since he was under eighteen, than for a person above that age. It was not his *age,* but the *absence of the license,* which he could have secured, that made it unlawful for him to drive. In other words, suppose Brinkley had not had an "operator's" license; and that was the defense here. He was over fourteen, but he *could* have gotten an "operator's" license. He would have been violating the law by driving without a license (just as any other person without a license)—but not the law *"as to age."*

This case comes close to the facts and clearly within the rules announced in Taylor et al. v. United States Casualty Co., 269 N.Y. 360, 199 N.E. 620, 115 A.L.R. 822; Johnson v. Travelers' Ins. Co., 147 Or. 345, 32 P.2d 587; Brock v. Travelers' Ins. Co., 88 Conn. 308, 91 A. 279; Dibble v. Travelers' Ins. Co., 163 Misc. 540, 298 N.Y.S. 48; Smith et al. v. American Automobile Fire Ins. Co., 274 N.Y. 626, 10 N.E.2d 583; Bitzer et al. v. Southern Surety Company, 245 Ill.App. 295.

One case cited by plaintiff, Bradley v. Merchants' Mut. Casualty Co. et al., D.C. Me., 6 F.Supp. 926, 928, is in fact, authority for defendants' contention. Although denying recovery in that case (because the driver of the *truck* was a chauffeur under eighteen years old, and under the laws of Maine no license could issue to a person of such age) and criticising the reasoning in two of the cases cited above, the court expressly recognizes the rule in the following language: "If the driver in this case had been driving *his own* or *the family car,* the insurance company could not avoid liability bcause, *although the driver was operating contrary to law, having no license,* his *age* was not a bar to obtaining one." (Italics supplied).

The cases cited by plaintiff are not in point. They would be if the Texas law did not permit, *under any circumstances,* the issuance of a license to a person under 18. These authorities will be briefly analyzed and distinguished.

United States F. & G. Co. v. Guenther, 281 U.S. 34, 50 S.Ct. 165, 166, 74 L.Ed. 683, 72 A.L.R. 1064:

The exclusion clause read: "While (the automobile is) .being operated by any person under the age limit fixed by law or under the age of sixteen years in any event."

The driver of the car was 17 years old. A *municipal ordinance* in the city where the accident occurred made it unlawful to permit a minor under the age of 18 years to operate same upon the streets of the city *without any exception.* The court held that the *ordinance* fixed the age limit *by law;* and referring to the exclusion clause said: "The plain and evident purpose of the clause was to prevent the Company from being held liable for any accident occurring while *by reason of the age* of the operator the automobile was being operated in violation of law." (Italics supplied).

State Farm Mut. Automobile Ins. Co. v. Coughran, 303 U.S. 485, 58 S.Ct. 670, 671, 82 L.Ed. 970:

Here the exclusion clause read: "While the said automobile is being driven or operated by any person whatsoever * * * violating any law or ordinance as to age on driving license." (Italics supplied).

The driver was a 13 year old girl. Under the California law she could not, *under any circumstances,* secure a license. Clearly there was no liability under the policy because of the exclusion both "as to age" and "driving license." The opinion, by Judge McReynolds, is pitched upon the statement that the driver "was inhibited by the statutes from driving or operating a motor vehicle within the State." The driver "was forbidden by law to operate or drive jointly or singly."

Friedman v. Maryland Casualty Co., 8 Cir., 45 F.2d 369, 370:

In this case the chauffeur was over 16 years of age, but under 18. The laws of Missouri expressly prohibited the issuance of a certificate of registration as a "chauffeur" to any person under the age of 18 years, *without exception.*

The language employed in the exemption clause of the policy under consideration is clear. This is not a case where it is even necessary to apply a construction favorable to the insured, but rather, as in United States F. & G. Co. v. Guenther, supra, "according to the sense and meaning of the terms which the parties have used, and, if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense."

The exclusion clause does not exempt the insurer from liability simply because the law has been violated; rather only where "the law *as to age* applicable to * * * occupation * * *" is violated. As was said by the appellate court in Illinois in Bitzer et al. v. Southern Surety Company, supra: "There is not a word to indicate that the parties were contracting *with reference to the age* at which a chauffeur's license might be procured. If appellant intended it to mean the age requisite for such a license it is quite clear that more appropriate language could readily have been selected."

Plaintiff is liable. Decree will be for defendants. Let an order be prepared accordingly.