**MARYLAND CASUALTY CO. v. CRONHOLM et al.**

**No. 9590.**

Circuit Court of Appeals, Fifth Circuit.
Dec. 17, 1940.

Rehearing Denied Jan. 14, 1941.

James C. Wilson, Jr., of Fort Worth, Tex., for appellant.

Marion J. Levy and Adrian F. Levy, both of Galveston, Tex., and Chas. W. Bell, of Houston, Tex., for appellees.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Maryland Casualty Company issued its policy of automobile liability insurance covering a Ford Panel Delivery Truck belonging to C. R. Cronholm and N. P. Dorsey, doing a grocery business in Galveston, Texas, as M. N. Bleich & Company. On July 30, 1939, while the policy was in full force and effect, the truck while being driven by Albert Brinkley collided with an automobile in which Dr. and Mrs. F. H. Hodde were riding. Dr. and Mrs. Hodde filed suit for damages in the state court against the grocery company, and the grocery company called upon Maryland Casualty Company to defend the suit. Under the provisions of 28 U.S.C.A. § 400, Maryland Casualty Company filed its petition for declaratory judgment. It sought a judgment declaring that it was under no obligation or duty to defend the suit for damages or assume any liability under its policy. The facts were stipulated and a jury was waived. After a hearing the court made findings of fact and conclusions of law and entered judgment for the defendants holding that they were entitled to full protection and indemnity under the policy. Maryland Casualty Company has appealed.

At the time of the collision Albert Brinkley, driver of the grocery truck, was 15 years and 10 months of age. Maryland Casualty Company contends here, as it did in the court below, that by reason of Brinkley's age it was relieved of liability under the policy. See Maryland Casualty Co. v. Cronholm et al., D.C., 32 F.Supp. 375.

The appellant relies upon exclusion clause (e) of the policy which provides: "This policy excludes any obligation of the company * * * (e) while the automobile is being driven in any prearranged race or competitive speed race, or by any person in violation of any state, federal, or provincial law as to age applicable to such person or to his occupation, or by any person under the age of fourteen years."

Maryland Casualty Company contends that at the time of the accident the truck was being operated by Brinkley in violation of a state law as to age. In support of its contention it cites and relies upon the provisions of the Texas Drivers License Law, Article 6687a, Vernon's Ann.Civ.St. Texas. This act provides that "no person * * * shall drive any motor vehicle upon a highway in this State unless such person upon application has been licensed as an operator or chauffeur * * *." Section 2. Section 4(a) further provides that an operator's license "shall not be issued to any person under the age of fourteen (14) years and no chauffeur's license shall be issued to any person under the age of eighteen (18) years; provided, that the county judge of the county wherein such person resides, after investigation may authorize the Department to issue a special permit or license to any such person when in his opinion the person so applying is qualified * * *".

An operator's license had been issued to Brinkley and was in force and effect at the time of the collision. Brinkley, however, did not have a chauffeur's license and the appellant says that this was a violation of law "as to age applicable to such person or his occupation" covered by exclusion clause (e) of the policy.

The stipulated facts show that Brinkley was employed as a grocery clerk and not as a chauffeur. He was hired to work around the store and to make deliveries on foot and on bicycle to the customers of the grocery store. His operation of the truck was only occasional and incidental, but under the broad definition of "chauffeur" in the Texas Drivers License Act he was probably a chauffeur and the court below so held. It may be that Brinkley's failure to procure a chauf-

feur's license was a violation of Texas law, but mere violation of law is not enough to exempt the insurer from liability for the exemption clause in its policy relieves the company of liability only where there has been some violation of law as to age. The Texas law does not prohibit the driving of automobiles by persons under 18 years of age even though those persons may be chauffeurs. Instead of prohibiting the driving of a car by persons under 18 years of age the law expressly makes provision for issuance of permits and licenses to persons under that age. The only persons expressly prohibited from driving because of their age are drivers of public carriers who must be 18 years of age, and school bus drivers who must be 21 years of age. Of course persons who are chauffeurs within the meaning of the act violate the law when they drive without a chauffeur's license. The violation of law, however, is but a violation of the act and is not dependent on the age of the person driving and this is true whether the offender be 16 or 60 years of age.

This case is unlike those which have denied liability under similar exclusion clauses in states where the issuance of licenses to or the driving of automobiles by persons under specified ages was forbidden by law. For instance, in the case of Bradley v. Merchants' Mutual Casualty Co., D.C., 6 F.Supp. 926, 928, the truck operator was driving for hire as a chauffeur and was driving the truck contrary to law "not only because he had no license but because he was under the required age." Also see State Farm Mut. Auto Ins. Co. v. Coughran, 303 U.S. 485, 58 S.Ct. 670, 82 L.Ed. 970; United States Fidelity & Guaranty Co. v. Guenther, 281 U.S. 34, 50 S.Ct. 165, 74 L.Ed. 683, 72 A.L.R. 1064.

In the case at bar Brinkley's law violation, if any, was driving without a chauffeur's license and not a violation of law as to age. The exclusion clause in the policy does not provide for violations of drivers license laws. Its exemption provides only for violation of law as to age, and the court properly entered judgment declaring the insurance company's liability. Cf. Taylor v. United States Casualty Co., 269 N.Y. 360, 199 N.E. 620, 115 A.L.R. 822; Johnson v. Travelers' Ins. Co., 147 Or. 345, 32 P.2d 587; Brock v. Travelers' Ins. Co., 88 Conn. 308, 91 A. 279; Bitzer v. Southern Surety Co., 245 Ill.App. 295.

The judgment is affirmed.

FOSTER, Circuit Judge (dissenting).

I feel constrained to disagree with the majority of the court in this case. The exclusion clause of the policy is correctly quoted, but in my opinion, incorrectly construed. It is not ambiguous. The word "or" is used in the clause as a disjunctive and separates the provisions so that each may be considered as a separate sentence. So considered it plainly excludes from coverage an automobile driven in violation of a state law because of the age of the driver and also because he is not licensed for his occupation. The driver of the car was a chauffeur, regardless of age, under the definition of the state law. He had no permit to drive the car as a chauffeur and therefore he violated the law. It is also clear he could not have obtained a chauffeur's license, because he was under age, unless he obtained a permit by authorization from a county judge. But he did not get such authorization. Therefore, we have a plain case of the car's being operated at the time of the accident by an unlicensed chauffeur in violation of the state law. The whole clause was pleaded and it was the duty of the court to pass upon the defense covered by it. There is no decision by any Texas court construing the statute. Decisions of courts in other states are not controlling. I think the case comes clearly under the decision in State Farm Ins. Co. v. Coughran, 303 U.S. 485, 58 S.Ct. 670, 82 L.Ed. 970, and the judgment of the lower court should be reversed.

On Petition for Rehearing.

PER CURIAM.

Since neither of the judges who concurred in the opinion desire a rehearing, petition for the same is hereby denied.