FLORENCE E. DIBBLE, an Infant, by JOHN H. DIBBLE, Her Guardian ad Litem, Plaintiff, *v.* THE TRAVELERS INSURANCE COMPANY, Defendant. (Action No. 1.)

JOHN H. DIBBLE, Plaintiff, *v.* THE TRAVELERS INSURANCE COMPANY, Defendant. (Action No. 2.)

Supreme Court, Herkimer County, June 29, 1937.

*Francis J. Moore,* for the plaintiffs.

*Miller, Hubbell & Evans,* for the defendant.

CROSS, J. The actions are brought under the provisions of section 109 of the Insurance Law to recover from the defendant the amount of certain judgments pursuant to the terms of an insurance policy issued by it to Harry Long and Grace H. Long, wherein the defendant agreed "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury,

including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."

Under the exclusion clause, the policy contained the following provision: " This policy does not apply * * * (b) under any of the above coverages, while the automobile is operated by any person under the age of fourteen years, or by any person in violation of any State, Federal or Provincial law as to age applicable to such person or to his occupation."

Execution issued on the above judgments was returned unsatisfied and the facts are undisputed. The sole point here involved is the construction of the exclusion clause of the policy. The pertinent facts involved in the construction of the policy are:

At the time the accident occurred, Edward Sitzer, who was operating the car, was over the age of fourteen years but under the age of eighteen years. He was the holder of a junior operator's license but, concededly, was operating the car at the time and place of the accident in violation of the terms and restrictions of such a license in that he was not operating the automobile in traveling to or from school or in the usual and ordinary pursuit of the business of his parent or guardian, and the motor vehicle was not owned by the licensee, his parent or guardian. The essence of the defendant's contention is that these violations of the restrictions contained in a junior operator's license constitute an operation by a person " in violation of a State, Federal or Provincial law as to age applicable to such person."

Upon the facts and policy provision before me, I am of the opinion that the case of *Smith* v. *American Automobile Fire Insurance Company* (274 N. Y. 626), decided June 11, 1937, by the Court of Appeals, is controlling here.

In the *Smith* case the exclusion clause of the policy read: " This policy does not cover * * * , while the insured automobile is operated, maintained or used (a) by any person in violation of law as to age, or, in any event, under the age of 14 years."

The language in the exclusion clause of the *Smith Case* (*supra*) differs somewhat from the language employed in the exclusion clause of the defendant's policy. Nevertheless, the effect is the same.

Therefore, motion for summary judgment in favor of the defendant in both actions is denied, and summary judgment is awarded to the plaintiff in each action, with costs.