JOSEPH MANSOUR, Appellant, v. INTERNATIONAL RAILWAY COMPANY and CITY OF NIAGARA FALLS, Respondents.— Judgments affirmed, with costs. Memorandum: Finding no proof of a breach of legal duty by either defendant we affirm the judgments based upon the ruling which granted their motions for nonsuit at the close of the plaintiff's evidence. All concur. (The judgments are for defendants in an action for damages for personal injuries sustained by reason of an automobile colliding with a post.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

ALICE NEMIR, Appellant, v. INTERNATIONAL RAILWAY COMPANY and CITY OF NIAGARA FALLS, Respondents.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

QUALITY MOTORS OF ROCHESTER, INC., Appellant, v. (AMERICAN) LUMBERMEN'S MUTUAL CASUALTY COMPANY OF ILLINOIS, Respondent.— Order reversed on the law, with ten dollars costs and disbursements, and plaintiff's motion for judgment granted, with ten dollars costs, damages to be assessed by a jury at the Trial Term. Memorandum: There is no substantial difference between the exclusion clause in the policy in suit and the exclusion clause in the policy under consideration in *Smith* v. *American Automobile Fire Insurance Co.* (274 N. Y. 626). As the facts and circumstances in the two cases are similar, that case is controlling in this action. (See, also, *Dibble* v. *Travelers Ins. Co.*, 163 Misc. 540.) All concur. (The order denies plaintiff's motion for summary judgment in an action under a liability insurance policy.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

MARION HILLS BAXTER, Respondent, v. RALPH WILLIAM BAXTER, Appellant.— Order reversed on the law and facts, without costs of this appeal to either party, and defendant's application for a reduction in alimony granted in the amount of fifty dollars per month, without costs. New findings of fact made. Memorandum: Upon the uncontroverted facts, and taking into consideration the needs of the plaintiff, defendant was entitled to a reduction in the amount of alimony allowed to the plaintiff under the final decree of divorce. It was, therefore, error for the court to deny his application and to dismiss his petition. Whether the court would grant the defendant leave to make application for a reduction of alimony, he having remarried in violation of its decree, was discretionary. (*Livingston* v. *Livingston*, 173 N. Y. 377.) Under the circumstances, we find no abuse of discretion in that regard. All concur. (The order confirms a report of a referee adjudging defendant to be in contempt of court for failure to pay alimony, and denying defendant's application for a reduction of alimony.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.